## CONTINENTAL OIL CO. et al. v. HAYES et al.

No. 22720. Opinion Filed May 10, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. Petitioners bring this original action to review an award made by the State Industrial Commission in favor of respondent Leonard Hayes, herein referred to as claimant, and against petitioners.

On August 13, 1929, claimant received certain accidental injuries coming within and covered by the Workmen's Compensation Law, while in the employ of petitioner Continental Oil Company. Employer's first notice of injury was filed August 17, 1929. Report of initial payment by the insurance carrier was filed August 21, 1929, and included the statement: "This is final." September 9, 1929, employee's first notice of injury and claim for compensation was filed, in which the nature and extent of injuries was described as: "Bruised back, broke rib, fractured ankle." It was also stated therein that claimant quit work on account of the injury August 13, 1929, and that he returned to work August 21, 1929, at a wage of $150 per month.

On September 4, 1929, there was filed with the Commission stipulation and receipt on Form No. 7, showing payment of compensation in the sum of $8, in which the period of disability was stated as one week and one day. This stipulation as shown by the record was signed by claimant, but not by the insurance carrier, though a purported copy which was introduced in evidence appears to have been signed by J. S. Lewis, adjuster.

A motion to reopen was apparently presented to the Commission, a copy of which appears in the record, but does not appear to be dated, and there is no filing mark thereon, and the record does not disclose the date it was received by the Commission. It was apparently presented prior to November 10, 1930, as on that date a notice was issued that a hearing would be held November 21, on "motion of claimant to reopen case to determine extent of permanent

partial disability." The hearing was had and continued from time to time until May 26, 1931. On July 20, 1931, the State Industrial Commission entered its finding and order, wherein, after the finding that claimant received accidental injuries while in the employment of petitioner while engaged in a hazardous occupation, and that claimant's average wage at the date of injury was $150 per month, the following findings were made:

"That by reason of said accidental injury the claimant has been temporarily totally disabled from the performance of ordinary manual labor from the 13th day of August, 1929, up to this date, except for two days which he worked, and is now temporarily totally disabled from the performance of ordinary manual labor."

Compensation was ordered paid at the rate of $18 per week for temporary total disability from August 21, 1929, to July 20, 1931, less two days which claimant worked, a total of $788, and compensation was ordered paid in future at the same rate until otherwise ordered.

Petitioners first contend that because claimant petitioned the Commission to reopen the cause, "to determine extent of permanent partial disability," and because of certain statements made by the chairman of the Commission during the hearing to the effect that the question was "What is his permanent partial?" the Commission erred in awarding compensation for temporary total disability.

Strict rules of pleading are not enforced in a proceeding before the State Industrial Commission. Although a claimant may claim for a certain class or character of disability, the Commission may award compensation for such disability as the evidence may justify. When a cause is properly before the Commission, the entire range of disability mentioned in the statute may be inquired into and an award may be made in accord with the facts shown by the evidence.

The petitioners contend, however, that the Commission was without jurisdiction to award further compensation for temporary total disability without allegation and proof of a change of condition. They assert that the stipulation and receipt, though not actually approved by the Commission, are binding upon the parties where no notice of disapproval is sent by the Commission within ten days from the date of filing same, under Rule 31 of the State Industrial Commission then in force, which provided:

"In the absence of notice of the Commis-

144

sion's disapproval within ten days after the filing of stipulation and receipt, Commission's Form 7, the same shall be considered approved and no notice of approval or award shall be necessary."

The record does not disclose an approval or refusal to approve the stipulation and receipt, nor does it show that a notice was sent by the Commission to either party.

Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115, is cited by the petitioners as upholding the validity of Rule 31 of the State Industrial Commission. It is contended that under this rule, in the absence of notice of the Commission's disapproval of the stipulation within ten days after it was filed, it must be considered as having been approved, and it thus became a final order and binding upon the parties.

This court, in the Hogan Case, supra, did not specifically hold that Rule No. 31 was valid and within the power of the State Industrial Commission, but stated that respondent in that case in his brief admitted that to be the law.

The Attorney General, in his brief for respondents, vigorously assails the validity of Rule 31 as being in direct conflict with the provisions of section 7315, C. O. S. 1921, the applicable provisions of which are:

"Every vote and official act of the Commission shall be entered of record, and the record shall contain a record of each case considered and the award, decision, or order made with respect thereto, and all voting shall be by the calling of each Commissioner's name by the secretary, and each vote shall be recorded as cast."

In King Drilling Co. v. Farley, 155 Okla. 97, 7 P. (2d) 862, it is held:

"Every vote and official act of the Commissioner shall be entered of record, and the record shall contain a record of each case considered, and the award, decision or order made with respect thereto, and all voting shall be by calling of each Commissioner's name by the Secretary, and each vote shall be recorded as cast."

"The award, decision, or order of a Commissioner, when approved and confirmed by the Commission and ordered filed in the office (office of the Commission), shall be deemed to be the award, decision, or order of the Commission."

In I. T. I. O. Co. v. Ray, 153 Okla. 163, 5 P. (2d) 383, it is held:

"Acts of Industrial Commission upon matters within jurisdiction and required to be recorded, can only be established by record."

In Makins Sand & Gravel Co. v. Hill, 151 Okla. 214, 3 P. (2d) 432, it was held:

"An agreed statement of facts provided for in 7294, C. O. S. 1921, as amended by chapter 61, S. L. 1923, before the same is effective, must be approved by the State Industrial Commission by a majority of the Commission, as provided in section 7315, C. O. S. 1921."

Under the provisions of section 7315, supra, and the above decisions of this court, it clearly appears that the State Industrial Commission was without power to promulgate a rule which would make mere inaction upon a stipulation filed by the parties provided for in section 7294, C. O. S. 1921, equivalent to an order of the Commission approving such stipulation. The plain provisions of the statute require the affirmative vote of a quorum of the Commission entered of record to make an order approving or disapproving such stipulation. The chairman of the State Industrial Commission evidently took this view of the law, as during the course of the hearing he called counsel's attention to the conflict between the provisions of Rule 31 and the provisions of section 7315, supra.

There was therefore no final order approving the stipulation and receipt so as to make the same constitute a final award, and no change of condition was required to be alleged or proven in order to give the State Industrial Commission jurisdiction to conduct a further hearing and award such compensation as the law and facts might justify.

Petitioners finally contend that there is no evidence that claimant was totally disabled from the time he first returned to work. In this contention petitioners must be upheld. While it is true claimant at one time in his testimony stated that he had been unable to work more than two days after he received the injuries, and the Commission apparently so found from this one statement, yet the entire record shows this conclusion of fact cannot be true. Claimant's first notice of injury showed that prior to the accident, which occurred August 3, 1929, his wages were $150 per month, and that he returned to work on August 21, 1929, at $150 per month. On cross-examination he admitted that he returned to work about August 22nd; that he was off for a few days and then worked until March 5, 1930; that he was then off for a few days and again worked from March 13, to June 7, 1930; that he then lost two months and nine days. Whether or not he returned to work after this two months and nine days for the same company, does not

appear. Other witnesses testified as to having seen claimant at work in the company's shop at different times during this period. How long, if at all, he worked after August 16, 1930, does not appear. He did not testify that his wages were ever reduced by the company after he returned to work.

The record conclusively shows that for at least ten months of the period for which claimant was allowed compensation for temporary total disability, he was working for the same company, though not doing the same kind of work, and was apparently drawing a full monthly salary of $150.

It is well established by the decisions of this court that the purpose of the Workmen's Compensation Act is not to indemnify for any physical ailment, but for the loss of earning power and disability to work. To that end the industry is made to bear the losses due to the employee's injury. Compensation, while paid primarily by the insurance carrier, is borne ultimately by the consumer. The employer must pay the expense of carrying the insurance; naturally this expense is added to the cost of the articles produced. In the end the expense is borne by the consumer.

It would manifestly be unfair to the industry to charge it with payment of compensation for the period during which the employee draws a full wage from such industry. This is not allowable except in cases of loss of a specific member or its use, for which the law, arbitrarily and with reason, irrespective of earning capacity, allows compensation.

From the record before us, it is impossible to determine for what length of time claimant drew full wages, and when, if at all, he ceased to draw same. It is likewise impossible to determine from the record to what extent claimant was disabled at the date of the hearing, though there is some evidence to the effect that at that time he was 90 per cent. disabled, but it is impossible to determine from the evidence when he became so.

The award must be and is hereby set aside and vacated, and the cause is remanded to the State Industrial Commission for such further proceedings as may be necessary for a determination of the above questions of fact, and for an award in accord with the facts thus determined, consistent with the views herein expressed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (2) R. C. L. Perm. Supp. p. 6248. (4) annotation in L. R. A. 1916A. 143; 28 R. C. L. 820.