## MAGNOLIA PETROLEUM CO. v. NALLEY et al.

No. 23161. Opinion Filed Nov. 29, 1932.

Rehearing Denied Jan. 3, 1933.

W. R. Wallace, for petitioner.

Leo J. Williams and M. J. Parmenter, for respondent.

RILEY, J. The petitioner, Magnolia Petroleum Company, brings this original action to review an award of the State Industrial Commission made in favor of respondent, claimant below. The accident causing the injury occurred January 2, 1929. Employer's first report was filed January 11, 1929. Employer's supplemental report, dated January 21, 1929, was filed January 23, 1929, showing that claimant had fully recovered on January 14, 1929, and returned to work on that date at his previous wage.

On February 6, 1929, there was filed a stipulation and receipt on form No. 7, signed by the employer and the claimant, in which it was stipulated that there was no specific injury; that employee quit work January 2, 1929, and returned to work January 14, 1929. Receipt of payment of compensation for seven days, January 7th to January 13th, in the sum of $17.11, was acknowledged. The stipulation was presented to the State Industrial Commission and approved February 7, 1929, and the case was closed.

Claimant continued to work in the same capacity as before the injury until about July or August, 1930, at which time he was discharged, not because of any disability, but because of a decrease in the amount of work and the number of employees necessary. On September 2, 1930, claimant filed what was termed "First Notice of Injury," in which he for the first time claimed specific injuries, viz., partial loss of vision and hearing and also disfigurement. There was no allegation of a change of condition since the approval of the stipulation. On the same date he filed his motion for hearing. Therein he made no allegation of such change of condition. On March 19, 1931, notice of hearing was issued. Thereafter, on April 2, 1931, claimant filed what he termed "Amended Motion to Reopen Case." In this motion he made no allegation of change of condition.

Hearing was had commencing April 8, 1931, and continued from time to time until June 24, 1931, when it was finally closed.

Claimant testified at length, but did not at any time testify that his eyes or his hearing became affected after the date the stipulation was signed. He nowhere testified to any substantial change of condition after he signed the stipulation and receipt. Some five or six expert witnesses testified and not one of them testified to any change of condition in claimant after the stipulation and receipt were filed. Some three or four experts testified, from examinations made by them, that there was nothing whatever wrong with claimant's eyes. One other expert testified that he examined claimant and that claimant had partial loss of vision in one eye 8½ per cent., and that the other eye was normal. Claimant produced still another expert witness who testified that he found a loss of vision in the left eye of 16.4 per cent., and in the right eye of 25.5 per cent. He also testified that from the history given by claimant he was of the opinion that the disability to claimant's eyes and ear was probably caused from the injury and that the injury as to the eyes might be permanent or that it might be temporary.

There was no substantial evidence of loss of hearing, and the Commission found none.

Notwithstanding the fact that no change of condition due to the accident was alleged in the motion for hearing or in the amended motion to reopen, and notwithstanding that not a single witness testified to a change of condition, the Commission found:

"That claimant has had a change of condition; that as a result of said aforementioned accidental injury, claimant has a permanent disability to the extent of five

per cent. loss of vision of left eye and fifteen per cent. loss of vision in the right eye, having an average, taking both eyes into consideration, of ten per cent. loss of vision in both eyes."

. Not a single witness testified to a loss of vision as found by the Commission. One witness did testify, as stated, that he found a greater loss than that found by the Commission, but he did not testify that it was permanent and said that he found no structural changes or pathology in either eye. His estimate was based wholly upon subjective rather than objective matters.

There being no allegation of change of condition and no evidence whatever to sustain such allegation had the same been made and no substantial evidence to sustain the finding of the Commission, the award must be, and is hereby, vacated and set aside.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) 28 R. C. L. 823; R. C. L. Perm. Supp. pp. 6246, 6247.