**BOETTCHER v. MARLAND REFINING CO. et al.**

No. 24048.   Opinion Filed May 9, 1933.

Owen & Looney, Paul N. Lindsey, and Joe S. Lewis, for respondents.

Charles D. Reed, for claimant.

BUSBY, J. It appears from an examination of the record that on the 19th day of September, 1919, the claimant while employed by the Marland Refining Company sustained an accidental injury arising out of and in the course of such employment. A claim for compensation was filed before the Industrial Commission on September 1, 1920. The respondent and insurance carrier filed an answer within a short time. On the issues joined testimony was introduced, and thereafter, on the 23rd day of February, 1921, the Industrial Commission made an order awarding compensation. This order was corrected by a substitute order on March 14, 1921. This order, omitting the formal portions, reads:

"That the claimant was injured on the

19th day of September, 1919, while in the employ of the respondent and in the course of his employment, that he was disabled from September 22, 1919, that he returned to work on January 16, 1920, and that for said period of 16 weeks and two days, he is to receive compensation at the rate of $14.43 per week, being for a total sum of $235.69. The Commission further finds that the claimant suffered a second disability as the result of the same injury and all parties appearing before the Commission and agreeing that the claimant should submit to an operation before Dr. LeRoy Long in the city of Oklahoma City, and that the claimant receive compensation at the rate of $14.43 per week from January 26, 1921, the date said claimant entered the hospital for said operation and that said compensation should continue until the termination of disability."

It will be observed that this order was deficient in many respects. No appeal was taken in connection with it, however, and it became final and operated to establish the rights of the parties as far as it undertook to determine them. The order fails to specifically state whether the compensation awarded was for temporary total disability under subdivision 2 of section 7290, C. O. S. 1921 [O. S. 1931, sec. 13356], as amended by Laws 1923, c. 61, sec. 6, or for permanent disability under the other provisions of the same section of the statute. However, in view of the definite provision in the order that the compensation then allowed should continue until the termination of the disability, it is apparent that it contemplated a future termination of the disability, which was the basis of the award then made, and that the compensation was for temporary total disability. The order is entirely silent on the permanent disability sustained by the claimant, if any.

Compensation was paid the claimant in accordance with the order above set forth until August of 1921, when the insurance carrier, having paid in all the sum of $610, obtained from the claimant a stipulation and receipt, acknowledging the receipt of the above-mentioned sum in settlement and satisfaction of all claims for compensation on account of injuries suffered by reason of the accident. This receipt and stipulation, commonly known as form 7, was filed with the Commission on August 16, 1921. No action was ever taken by the Commission, either approving or rejecting the same.

The insurance carrier then ceased to pay compensation and the case remained dormant in the files of the Industrial Commission until February 9, 1932, when the claimant having procured the services of an attorney filed a pleading designated as "petition." In this petition, after reciting the accidental injury, the nature thereof, and the former order of the Commission, the claimant said:

"That later claimant signed form 7 which ended the period of his temporary total disability; that at this time claimant has had a change of condition in that he now is suffering from a total permanent disability by reason of said accident."

Claimant then prayed for an award for permanent total disability. After this pleading was filed, hearings were had thereon, at which the testimony of various witnesses, including that of physicians who had examined the claimant, was introduced. The case was submitted on the testimony offered and on August 12, 1932, the Industrial Commission made its order, in which its conclusions of fact and rulings of law were stated as follows:

"(1) That on and prior to September 19, 1919, the claimant was in the employment of the respondent and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"(2) Arising out and in the course of said employment, the claimant on September 19, 1919, sustained an accidental personal injury by being struck in the abdomen, causing structures and checking up of the urethra and requiring operations and opening up of the draining of the bladder and subsequent hernias and operations.

"(3) That the average wage of the claimant at the time of said injury was $4.50 per day.

"(4) That on August 16, 1921, the claimant and respondent and insurance carrier entered into and filed with the Commission a final receipt and report then known as form 7, whereby and the effect of which the claimant was paid and he accepted the sum of $610.87 in settlement and satisfaction of all claims for compensation or damages on account of the injuries sustained by reason of the accident and the effect of which forever precluded claimant from any further compensation except upon a showing of a material change in his condition for the worse.

"(5) That the evidence is insufficient to establish any material change for the worse in the condition of the claimant.

"The Commission is, therefore, of the opinion: Upon a consideration of the foregoing facts that the claimant has failed to establish a change of condition and the motion to reopen should be denied.

"It is, therefore, ordered: That the petition of the claimant to reopen this cause and grant further compensation must be and

258

the same is hereby denied and overruled."

For the purpose of reviewing this order and vacating the same, the petitioner has instituted this proceeding in this court, claiming: (1) That the Industrial Commission committed error in denying the claimant's motion to reopen this case and grant an additional award by reason of a change in condition; (2) that the Commission committed error in holding that it was necessary for the claimant to show a change in his condition. We will consider these questions in the reverse order for the reason that if the second contention is well taken, the first contention need not be considered.

An examination of both of the orders made by the Commission discloses that the amount of the permanent disability suffered by claimant as a result of the injury has never been determined. It will be observed from an examination of the last order that the sole and only basis for the denying of the relief to the claimant was that the evidence failed to show a change of condition. It has already been pointed out that the order made in 1921, was confined exclusively to temporary total disability. Thus, there has been no determination of the existence or nonexistence of any permanent disability unless the stipulation and receipt on form 7 filed in August, 1921, amounts to such a determination, or renders the same unnecessary. This character of stipulation is contemplated by the provisions of section 7294, C. O. S. 1921, the applicable portion of which reads:

"If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such an agreement, in form as prescribed by the Commission, and signed by both employer and employee, may be immediately filed by the employer with the Commission and if approved by the Commission shall, in the absence of fraud, be deemed binding upon the parties thereto."

It is clear from the foregoing statutory provision that, while such an agreement might form the basis of a determination of the rights of the parties, it could not operate as such until and unless approved by the Industrial Commission. This court has so held in the case of Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. (2d) 470, wherein this court said in syllabus paragraph 2:

"An agreed statement of facts provided for in section 7294, C. O. S. 1921, as amended by chapter 61, sec. 7, S. L. 1923, before the same is effective, must be ap-proved by the State Industrial Commission by a majority of the Commission entered of record."

The stipulation and receipt filed in this case was never approved, and, therefore, cannot be held to have been a determination by the Commission that there was no permanent disability suffered by the claimant.

The question is then presented: Where temporary total disability has been determined by the Industrial Commission, and there has been no adjudication of the existence or nonexistence of permanent disability, is it necessary for the claimant to show a change of condition in order to have the Commission determine whether or not a permanent disability has resulted from the injury?

This question was squarely before this court in the case of Loffland Bros. Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096, and the applicable rule of law was announced in syllabus paragraph 1, in the following language:

"'In a cause before the State Industrial Commission, where previous award has been made for temporary total disability, and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition.' Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424."

It, therefore, appears that the claimant in filing his petition and therein alleging that he had suffered a change of condition, and, in connection with the evidence undertaking to prove such change of condition, assumed an unnecessary burden, and that the Industrial Commission denied further compensation on the erroneous theory that it was essential for the claimant to establish a change of condition.

In answer to the contention that it is unnecessary to show a change of condition, the respondent urges it cannot be properly presented to this court for the reason that the claimant before the Commission tried his case upon the theory that it was incumbent upon him to establish a change of condition. It is true that, in his petition filed in 1932, he alleges such change of condition, and that in the hearing he introduced evidence tending to establish the same. However, this evidence was an additional and unnecessary burden, and the assumption of this burden and the introduction of this evidence in support thereof were not inconsistent with this right to have his permanent disability, if any, determined by

the court. He at all times urged to the Commission that he was suffering a permanent disability by reason of the accidental injury. The pleadings before the Industrial Commission should be liberally construed, as was said by Mr. Chief Justice Riley, speaking for the court, in the case of Continental Oil Co. v. Hayes, supra:

"Strict rules of pleading are not enforced in a proceeding before the State Industrial Commission. Although a claimant may claim for a certain class or character of disability, the Commission may award compensation for such disability as the evidence may justify. When a cause is properly before the Commission, the entire range of disability mentioned in the statute may be inquired into, and an award may be made in accord with the facts shown by the evidence."

It is also urged that the petition filed in this court on September 8, 1932, for the purpose of reviewing the decision of the Industrial Commission, is insufficient to authorize this court to consider the question of whether or not the Industrial Commission committed error as a matter of law by basing its decision upon a finding that no change of condition had been shown. An examination of the petition herein filed discloses that the grounds of alleged error are stated in rather general language. The claimant, however, asserted in his petition that there were no legal grounds whatever, authorizing the Commission to deny compensation. The language of the petition is extremely broad and subject to criticism by reason of its indefiniteness. The claimant undertook to cure this feature by filing an amended petition on October 8, 1932, in which amended petition he specifically stated that the Commission committed error in holding that it was necessary for the petitioner to show a change in his condition. This amended petition was filed after the expiration of the 30 days provided for instituting a proceeding in this court to review the decision or award of the Commission, and it is urged that unless the original petition is sufficient to vest the court with jurisdiction of this question, the subsequent and amended petition is filed too late.

Assuming, without deciding, that the amended petition is filed too late to vest the court with jurisdiction to consider questions not covered by the first petition herein filed, it is the opinion of this court that the liberal rules of pleading adopted in connection with proceedings before the Industrial Commission should extend as far as

is consistent with the principles of justice to the proceedings for review in this court. The original petition of the claimant filed in this court, although far from being a model, is, by virtue of the general terms therein, sufficient to vest this court with jurisdiction to review the alleged errors, especially in view of the fact that the claimant by an amended petition has specifically advised the respondent of the definite nature of his contention on this point.

It is, therefore, our opinion that this cause should be remanded to the Industrial Commission, with directions to vacate the order made on August 8, 1932, and to determine in connection with this controversy whether the claimant is suffering from any permanent disability, either partial or total, by reason of the accidental injury sustained by him, and to proceed in a manner not inconsistent with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and WELCH, J., absent.