### HUMBLE OIL & REFINING CO. et al. v. PHELPS et al.

No. 24584.     Oct. 24, 1933.

Earl A. Brown, for petitioners.

G. G. McBride and Jeffrey & Fry, for respondent Jerry Jasper Phelps.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

BUSBY, J. This is an original action commenced in this court for the purpose of obtaining a review of an order and award of the State Industrial Commission. The petitioners are the employer and insurance carrier and the respondent is the claimant. For the purpose of convenience the parties will be referred to in this opinion as petitioners and claimant, respectively, excepting in case where it is necessary to differentiate between the employer and insurance carrier.

The award complained of directed the payment of compensation for permanent partial disability based upon a 15 per cent. loss of use of the claimant's right leg.

A review of the record discloses the following situation: The claimant, in November of 1926, while employed by the Humble Oil & Refining Company in one of the employments classified as hazardous by the Workmen's Compensation Act, sustained an accidental personal injury arising out of and in the course of his employment. The injury sustained resulted in temporary total disability which terminated in the spring of 1927, and for which compensation was voluntarily paid by the insurance carrier. Whether or not this also resulted in a permanent partial disability is a disputed question in this case, which will be subsequently discussed.

The continuing jurisdiction of the State Industrial Commission to determine the nature and extent of the claimant's disability as well as the compensation to which he was justly entitled was invoked by a claim filed on January 10, 1927. Thereafter, and subsequent to the termination of the temporary total disability, two different stipulations and receipts on form 7 were signed by the claimant and filed with the Commission. The first of these was received by the Commission on April 29, 1927, the second on June 26, 1927. Both of them described the claimant's disability as "temporary," and both were silent on the existence of any permanent disability. The first of the above mentioned stipulations was never approved by the Commission. This case involves a disputed question concerning the approval of the last mentioned stipulations, which will be considered hereafter.

On the 8th day of August, 1932, the claimant filed with the Commission a motion to determine his permanent disability, alleging the existence thereof and the nonpayment of compensation therefor. A motion was filed by the petitioners to strike the claimant's motion on the theory that it was fatally defective for the reason that it failed to state the claimant had suffered a change of condition for the worse. The record does not disclose what, if any, action was taken on the latter motion. Claimant thereafter filed another motion which contained an assertion that his condition had changed. However, throughout the hearing in this case he contends that this allegation and proof in support thereof was unnecessary although contending at the same time that the proof introduced established the truth of the averments. Hearing was held before the Commission at which the testimony of various witnesses was introduced. Thereafter, and on the 18th day of March, 1933, the Commission entered its order finding that the claimant had suffered a permanent partial disability represented by 15 per cent. disability of the right leg, and awarding compensation accordingly. This is the order sought to be vacated in this proceeding.

The petitioners contend that there is no testimony that the claimant was at the time of the hearing suffering from a permanent partial disability. A review of the record in connection with this contention discloses that the finding is supported by the testimony of the claimant as well as that of a physician who appeared in his behalf. This physician testified to certain facts disclosed by his physical examination of the claimant, and stated his conclusions based upon that examination and the history given him by the claimant to be that, as a result of the original injury, claimant was suffering from a 35 per cent. disability of his right leg, which disability the witness advised the Commission was permanent in character. In the brief of the petitioners we find considerable criticism of this medical testimony. This criticism, however, when analyzed is more applicable to the weight than to the sufficiency of the evidence. Since this court is not concerned with questions involving the weight of evidence before the Commission where there is evidence supporting the finding of that administrative body, unless the probative force of such evidence is in some manner completely

destroyed, which is not true in the case at bar, we must hold the evidence sufficient to establish the existence of permanent disability.

A different question, however, is presented when the sufficiency of the evidence to establish a change of condition for the worse is considered. If the evidence was sufficient to establish the change of claimant's condition, it would be unnecessary for us to consider the question of whether there had been an approval of stipulation and receipt on form 7, G. S. & C. Drilling Co. v. Pennington, 151 Okla. 61, 1 P. (2d) 764. However, a review of the evidence strongly supports the view that whatever disability the claimant now has he has at all times had since the purported approval of stipulation and receipt on form 7. In view of this condition of the record, and in view of the further fact that the claimant does not seek to sustain the award on the theory that the evidence is sufficient to establish a change of condition, this award, if sustained at all, must be justified on the theory that it was unnecessary to establish such change of condition.

When there has been a previous determination of the existence or nonexistence of permanent disability, it is essential that a subsequent change of claimant's condition for the worse be shown in order to warrant compensation or additional compensation. On the other hand, when the existence, nature, or extent of claimant's permanent disability has not previously been determined by the Commission and the previous action concerned only temporary disability, it is unnecessary to establish such change of condition.

Where a stipulation and receipt on form 7 recites that there was "no specific injury," the unqualified approval thereof by the Commission amounts to a determination of the nonexistence of such disability, and in order to obtain compensation for a specific injury, it is incumbent on the claimant to establish a subsequent change of condition. Magnolia Petroleum Co. v. Nalley, 161 Okla. 198, 17 P. (2d) 390. This case may be distinguished from the case at bar for the reason no recital denying the existence of a specific injury is contained in the stipulations now before us.

Where a stipulation and receipt on form 7, describing the disability as "temporary total," and the order of approval by the court is limited in the scope, reciting the "approval of payment for temporary total," there has been no determination concerning the permanent disability, and it is unnecessary to

establish a change of condition. Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424.

While the last case seems by the language used to attach controlling importance to the fact that compensation for temporary total disability only has been paid and approved, and an examination of the case of Magnolia Petroleum Co. v. Nalley, supra, discloses that compensation for temporary total disability was all that was paid or approved, yet it was necessary to establish a change of condition. These two cases can only be reconciled upon the theory that the controlling factor is whether there has been a previous determination of the existence or nonexistence of permanent disability.

In the case at bar the order of approval, if it was an order of approval, was general, and not limited as in the case of Geis Price Grain Co. v. Bailey, supra. In this connection it is the contention of the petitioners that the general approval of a stipulation and receipt on form 7, executed after the termination of temporary total disability, and which describes the claimant's disability as "temporary," being entirely silent as to the matter of permanent disability, is by implication a determination of the nonexistence of permanent disability. The necessity of deciding this question depends upon a determination of whether or not there has been in force an approval of the stipulation and receipt as required by section 7294, C. O. S. 1921, for if there has been no such approval, such stipulation is ineffective as a basis for determining the rights of the parties in this case. Boettcher v. Marland Ref. Co., supra.

We now address ourselves to a consideration of the evidence bearing upon the question of approval. In the stipulation and receipt filed June 7, 1927, we find the stamped indorsement "Approval by Comm. June 28, 1927." This and nothing more. The manner in which this stamped indorsement came into existence is explained in the record by the former claim clerk who, as a witness, testified, in substance, that general authority had been delegated to her by the Commission to approve stipulations on form 7, when she found them regular, and that this stipulation was not considered or approved by the Commission as a board, but was approved by her pursuant to the general instructions given her by the Industrial Commissioners.

A stipulation and receipt such as the one presented in this case is authorized by the provision of section 7294, C. O. S. 1921, as amended by S. L. 1923, c. 61, sec 7, but is

ineffective to determine the rights of the parties thereto until and unless the same receives the approval of the State Industrial Commission. The applicable portion of section 7294, supra, reads:

"If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the Commission, and signed by both the employer and employee, may be immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto."

The approval of the Commission required by the foregoing statutory provision is unquestionably an "official act." The manner in which an official act of the Commission shall be performed and the requirements of the record of such official act are concisely stated by section 7315, C. O. S. 1921, sec. 13381, O. S. 1931, which reads, in part: ·

"* * * Every vote and official act of the Commission shall be entered of record, and the record shall contain a record of each case considered and the award, decision, or order made with respect thereto, and all voting shall be by the calling of each Commissioner's name by the secretary, and each vote shall be recorded as cast."

The importance of observing the provision of both sections 7294 and 7315, supra, is recognized in the rule stated by this court in the cases of Geis Price Grain Co. v. Bailey, supra; Lofflin Bros. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096, and Boettcher v. Marland Ref. Co., 163 Okla. 256, 21 P. (2d) 1070.

"An agreed statement of facts as provided for in section 7294, C. O. S. 1921 (as amended by Laws 1923, c. 61, sec. 7), before the same is effective, must be approved by the State Industrial Commission by a majority of the Commission and entered of record." Boettcher v. Marland Ref. Co., supra.

While the precise question now under consideration was not involved in either of the last above mentioned cases, the language of the rule is strongly persuasive. The requirements thereof were not complied with by an approval of a stipulation by a clerical employee of the Commission, no approval having been made by the Commission as a board, and no record of such an approval showing an affirmative vote of a majority of the members of the Commission ever having been made.

A question identical in principle with the one now before us was before this court in the case of Carl B. King Drilling Co. v. Farley, 155 Okla. 99, 7 P. (2d) 862. It was decided in that case that one Commissioner could not perform an official act for and on behalf of the Commission. In so deciding controlling importance was attached to the provisions of section 7315, supra. In disposing of the question on that, it was said by this court, speaking through Mr. Justice Cullison:

"The Commission acts as a body and not as individuals. The concurrence of a majority of the members of the Commission is necessary for a legal and binding order or award of the Commission, and, where an order is made, which order is not approved or concurred in by more than one member of the Commission attempting to vacate or set aside a valid award previously made by the members of the State Industrial Commission, the order of said member attempting to vacate the previous valid award is of no force and effect until approved by a majority of the members of the Commission."

If one member of the Commission cannot perform an official act which by law requires an action of the Commission, certainly a clerical employee cannot. Nor could the Commission confer upon or delegate to such clerical employee the authority to perform official acts which by law must be performed by the Commission itself. Such act of one employee could be no more than a recommendation and could only become the act of the Commission by the subsequent consideration of and adoption by the Commission as a body.

The act of the clerk in approving the stipulation and receipt on form 7 was a nullity.

Since there never was an approval by the Commission of the stipulation and receipt on form 7, it follows that there never was a previous determination of the existence or nonexistence of claimant's permanent disability. From which it also follows that it was unnecessary for claimant to establish a change of condition. Boettcher v. Marland Ref. Co., supra. Since the evidence is sufficient to establish the present existence of a permanent disability due to the original injury, the award is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and WELCH, J., not participating. McNEILL, J., absent.