## CITY OF YALE et al. v. JONES et al.

No. 24921.    Oct. 31, 1933.

Green & Farmer, for petitioners.

Stanley D. Belden, for respondent Claude Jones.

CULLISON, V. C. J. This is an original proceeding before this court by the city of Yale, Okla., and its insurance carrier, the Aetna Life Insurance Company, petitioners, to review an award of the State Industrial Commission made July 10, 1933, to Claude Jones, claimant.

The record discloses that on September 1, 1927, claimant received an accidental personal injury while working as a tractor driver for the city of Yale, Okla., in a hazardous occupation covered by the Workmen's Compensation Law. That the injury occurred when the steering wheel of the tractor broke, throwing claimant backward, and in falling the tractor was thrown into reverse gear and the gasoline lever pulled wide open, causing the machine to run backwards at full speed rolling claimant under and passing entirely over him. By reason thereof claimant sustained a broken collar bone, three broken ribs, and bruises to his body. Medical attention was furnished claimant by his employer immediately.

Thereafter, on November 26, 1927, claimant entered into a stipulation and receipt with his employer concerning the injury, in which the extent of disability was given as temporary total, and in which claimant ac-

knowledged the receipt of a total of $180 as compensation paid therefor.

Said form 7 is marked "Approved, December 2, 1927, State Industrial Commission," and "Closed."

On March 17, 1933, claimant filed his motion to reopen the case on grounds of a change in conditions and award him compensation for the permanent partial disability which he now suffers as a result of the said injury. This motion is accompanied by a medical report of Dr. Geo. E. Elliott in which he says that claimant now has a permanent injury which he attributes to the original injury of September 1, 1927.

Pursuant to hearings had in this cause, the Commission entered its award of July 10, 1933, the pertinent parts of which are as follows:

"2. Arising out of and in the course of said employment, the claimant, on September 1, 1927, sustained an accidental personal injury by a tractor running over him and sustained general injuries to his head, arm and spine, as a result of which he was temporarily totally disabled from the date of said injury to November 30, 1927, and compensation has been paid therefor in the sum of $180, all of which is set forth in form 7 stipulation and receipt filed herein on November 30, 1927.

"3. That as a further result of said accident the claimant has suffered a permanent partial disability from his general bodily injuries so that his earning capacity has been permanently reduced from $4.60 per day to $2.60 per day, leaving a difference of $2 per day in wage-earning capacity and he is entitled to recover compensation therefor. * * *

"5. That from and after November 30, 1927, and as the result of said accident the claimant lost his former earning capacity to the extent of $2 per day of his average daily wages and there has not elapsed any period of time since November 30, 1927, when claimant was not or is not entitled to compensation for said difference in wage earning capacity.

"The Commission is therefore of the opinion: Upon a consideration of said facts, that the claimant is entitled to compensation in the sum of $2,328, the same being compensation from November 30, 1927, to July 5, 1933, or 291 weeks, and to continue the payment of further compensation at the rate of $8 per week until a total of not to exceed 300 weeks have been paid, or in all not to exceed $2,400, subject, however, to a reopening on a change of condition, and subject to the continuing jurisdiction of the Commission. * * *"

Petitioners herein choose to argue the entire case on the following proposition:

"Under the law of the state of Oklahoma, the State Industrial Commission had authority and jurisdiction and the power to reopen the case upon a change of condition only; and that since there was no evidence of a change in condition, and no finding thereon, then the award entered by the State Industrial Commission was wrongfully and improperly entered and should be set aside."

We observe that while petitioners criticize the weight to be given the medical testimony introduced in claimant's behalf, they admit its sufficiency to sustain a finding of fact as to the existence of claimant's permanent partial disability. In view of the record, we must hold the evidence sufficient to establish the existence of permanent partial disability.

A different question, however, is presented when the sufficiency of the evidence to establish a change of condition for the worse is considered. If the evidence was sufficient to establish the change of claimant's condition, it would be unnecessary for us to consider the question of whether there had been an approval of stipulation and receipt on form 7. G. S. & C. Drilling Co. v. Pennington, 151 Okla. 61, 1 P. (2d) 764, 7 P. (2d) 474. However, a review of the evidence strongly supports the view that whatever disability the claimant now has he has at all times had since the purported approval of stipulation and receipt on form 7. In view of this condition of the record, and in view of the further fact that the claimant does not seek to sustain the award on the theory that the evidence is sufficient to establish a change of condition, this award, if sustained at all, must be justified on the theory that it was unnecessary to establish such change of condition.

When there has been a previous determination of the existence or nonexistence of permanent disability, it is essential that a subsequent change of claimant's condition for the worse be shown in order to warrant compensation or additional compensation. On the other hand, when the existence, nature, or extent of claimant's permanent disability has not previously been determined by the Commission and the previous action concerned only temporary disability, it is unnecessary to establish such change of condition.

Where a stipulation and receipt on form 7 recites the character and extent of specific injury as being "None," the unqualified approval thereof by the Commission amounts to a determination of the nonexistence of such disability, and in order to obtain compensation for a specific injury it is

incumbent on the claimant to establish a subsequent change of condition. Magnolia Petroleum Co. v. Nalley, 161 Okla. 198, 17 P. (2d) 390.

Where a stipulation and receipt on form 7 describing the disability as "temporary total" and the order of approval by the Commission is limited in the scope, reciting the "approval of payment for temporary total," there has been no determination concerning the permanent disability, and it is unnecessary to establish a change of condition. Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424.

While the last case seems by the language used to attach controlling importance to the fact that compensation for temporary total disability only has been paid and approved, and examination of the case of Magnolia Petroleum Co. v. Nalley, supra, discloses that compensation for temporary total disability was all that was paid or approved, yet it was necessary to establish a change of condition.

These two cases can only be reconciled upon the theory that the controlling factor is whether there has been a previous determination of the existence or nonexistence of permanent disability.

In the case at bar the order of approval, if it was an order of approval, was general and not limited as in the case of Geis Price Grain Co. v. Bailey, supra. In this connection it is the contention of the petitioner that the general approval of a stipulation and receipt on form 7, executed after the termination of temporary total disability and which describes the claimant's disability as "temporary total," being entirely silent as to the matter of permanent disability, is by implication a determination of the nonexistence of permanent disability. The necessity of deciding this question depends upon a determination of whether or not there has been in force an approval of the stipulation and receipt as required by section 7294, C. O. S. 1921, for if there has been no such approval, such stipulation is ineffective as a basis for determining the rights of the parties in this case, it having been held in Boettcher v. Marland Refining Co., 163 Okla. 256, 21 P. (2d) 1070:

"An agreed statement of facts as provided in section 7294 * * * before the same is effective must be approved by the State Industrial Commission by a majority of the Commission and entered of record."

In the stipulation and receipt filed November 30, 1927, we find the typewritten indorsement "Approved Dec. 2, 1927, State Industrial Commission," and "Closed." This and nothing more. The manner in which this typewritten indorsement came into existence is unexplained. Its form does not rise to the dignity of an order. Nor is it prima facie evidence of the requisite approval.

A stipulation and receipt such as the one presented in this case is authorized by the provision of section 7294, C. O. S. 1921, as amended by S. L. 1923, c. 61, sec. 7, but is ineffective to determine the rights of the parties thereto until and unless the same receives the approval of the State Industrial Commission. The applicable portion of section 7294, supra, reads:

"If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the Commission, and signed by both the employer and employee, may be immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto."

The approval of the Commission required by the foregoing statutory provision is unquestionably an "official act." The manner in which an official act of the Commission shall be performed and the requirements of the record of such official act are concisely stated by section 7315, C. O. S. 1921, which reads, in part:

"* * * Every vote and official act of the Commission shall be entered of record, and the record shall contain a record of each case considered and the award, decision or order made with respect thereto, and all voting shall be by the calling of each Commissioner's name by the secretary, and each vote shall be recorded as cast."

The importance of observing the provision of both sections 7294 and 7315 is recognized in the rule stated by this court in the cases of Geis Price Grain Co. v. Bailey, supra; Lofflin Bros. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096, and Boettcher v. Marland Refining Co., as quoted. supra, to the effect that a form 7 must be approved by a majority of the Commission and entered of record before the same is effective.

While the precise question now under consideration was not involved in either of the last above mentioned cases, the language of the rule is strongly persuasive. The requirements thereof were not complied with by an approval of a stipulation by the typewritten line "Approved Dec. 2,

1927, State Industrial Commission," and "Closed;" there being no record of such an approval showing an affirmative vote of a majority of the members of the Commission ever having been made.

A question identical in principle with the one now before us was before this court in Carl B. King Drilling Co. v. Farley, 155 Okla. 99, 7 P. (2d) 862, in which it was decided that one Commissioner could not perform an official act for and on behalf of the Commission, and in so deciding controlling importance was attached to the provisions of section 7315, supra.

The purported approval set out, supra, is a nullity.

Since there never was an approval by the Commission of the stipulation and receipt on form 7, it follows that there never was a previous determination of the existence or nonexistence of claimant's permanent disability. From which it also follows that it was unnecessary for claimant to establish a change of condition. Boettcher v. Marland Refining Co., supra.

Since the evidence is sufficient to establish the present existence of a permanent disability due to the original injury, as admitted by the petitioners in their brief, the award is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.