## MAGNOLIA PETROLEUM CO. v. NALLEY et al.

No. 25192.   April 7, 1936.

W. H. Francis, B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Leo J. Williams and Paul L. Arnold, for respondent.

RILEY, J.   On October 20, 1933, the State Industrial Commission found:

"That claimant had a change in his condition; that as a result of said aforementioned accidental injury, claimant has a permanent disability to the extent of 16 per cent. loss of vision in the left eye and 23 per cent. loss of vision in the right eye, having an average, taking both eyes into consideration, of 19½ per cent. loss of vision in both eyes."

Compensation was accordingly awarded, together with $100 for serious and permanent disfigurement to claimant's face resulting from the injury.   Respondents appeal, and on review urge that the decision in Magnolia Pet. Co. v. Nalley et al., 161 Okla. 198, 17 P. (2d) 390, is res adjudicata.   Such is not the case, for in the cited case there was no allegation or proof of a changed condition arising subsequent to the original stipulation and receipt of payment in the sum of $17, approved February 7, 1929.

The decision in the cited cause vacated the award of November 14, 1931, but it did not determine that a change of condition could not be established in future.

It is contended that the last award is contrary to law in that the commission was without jurisdiction by reason of the provisions of section 4, ch. 29, S. L. 1933, amendatory of section 13367, O. S. 1931.

This legislation provides:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed at the time original award was made thereon, and unless filed within said period of time, same shall be forever barred."

The amendment is not applicable to the cause at bar, for the motion to reopen was dictated into the record on February 7, 1933. The legislative act was enacted in the month of May following.   And while the commission did not enter its award until October, 1933, the cause of action was fully commenced and was pending when the statute of limitations was enacted.

Section 52, art. 5, Constitution of Oklahoma, provides in part:

"After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit." Meriwether v. Bd. of Com'rs, etc., 150 Okla. 223, 1 P. (2d) 390; Theis v. Bd. of Co. Com'rs etc., 22 Okla. 333, 97 P. 973.

492

It is lastly contended that the award is supported by no competent evidence.

Dr. A. D. Guthrie, whose qualifications are admitted, testified both from a history of the case and personal examinations of claimant. He found no loss of vision in one eye before and only 8 5/10 per cent. in the other. Now he finds 23 5/10 per cent. loss of vision, indicating a change of condition which the witness attributes to concussion arising from the accident which resulted in injury to claimant.

Permanency of the condition was sufficiently established by the evidence.

Dr. J. W. Shelton's testimony fully supported the award.

This claimant received an award under an approved stipulation, for temporary total disability. His case was closed. According to that document the disability ended January 14, 1929, and the character and extent of specific injury was "none." This court followed the rule in the previous review and applies it now to the effect that in order to sustain an award for permanent partial disability, under such circumstances, the claimant must establish a changed condition attributable to the original injury.

This claimant has established that the disability caused by the original injury is partial and permanent.

Affirmed.

McNEILL C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ.. concur. OSBORN, V. C. J., and BUSBY, J., concur in conclusion. BAYLESS, J., absent.