SIMON v. AMERADA PETROLEUM CO. et al.

No. 35305.     Oct. 14, 1952.

*249 P. 2d 120.*

Paul Pugh and Claud Briggs, Oklahoma City, for petitioner.

Pierce, Rucker, Mock, Tabor & Duncan and Mac Q. Williamson, Atty. Gen., Oklahoma City, for respondents.

JOHNSON, J. The petitioner, I. J. Simon, will be hereafter referred to as claimant; the Amerada Petroleum Company will be designated as respondent, and the State Industrial Commission will be identified as the commission.

The record discloses that claimant was an employee of the respondent engaged in a hazardous employment;

256

that he sustained an accidental injury arising out of and in the course of his employment on the 15th day of February, 1928, for which he was furnished medical treatment and paid temporary total disability compensation by respondent but was never awarded or denied any compensation for permanent disability by order of the commission.

The record further reveals that on February 21, 1928, respondent, as claimant's employer, filed with the commission "Form 6", reporting the payment of compensation for temporary total disability at the rate of $18 per week, commencing on the date of injury, and showing nature of the injury as "burned face and hands". Following this report the respondent (employer) filed a "Form 4" (attending physician's report) bearing the date of March 15, 1928. On May 24, 1928, the same physician filed another physician's report, wherein, in describing the nature and extent of claimant's injuries, it was said:

"Both hands and wrists, face, lips, neck and ears were burned to first degree with several places the size of one half to one dollar on face and hands and two thirds of each ear and lower lip on right side burned to second degree. The entire face is burned to borderline between first and second degree."

In answering the question: "Has the injury resulted in a permanent disability?" the doctor said: "The Helix on upper and outer part of each ear is off to the depth of 1/3 inch and one inch long but is smooth. He has a small scar 1½ inch long and ¼ inch wide and a small scar just to the outer side of the right eye." After "Remarks" the doctor said: "He has a discharge from right ear at this time and has had for the past three weeks. He tells me he has had some trouble with his right ear before he was hurt." These reports show facts which obviously and clearly indicate the possibility of some degree of permanent partial disability,

and that previous injury or illness had not contributed thereto.

On May 28, 1928, there was filed with the commission "Form 7" showing payment to claimant by respondent of a total of $198 for "temporary" disability and that the stipulation and receipt was submitted to the commission for its approval by "order, decision or award". No order or award was ever made. However, someone wrote across the face of the stipulation and receipt with a red pencil or pen the word "Closed" and there was written on the upper left-hand corner therein the words "Received State Industrial Commission May 28, 1928, Approved State Industrial Commission May 29, 1928." No further action is revealed by the record until claimant, on June 20, 1950, filed a "Form 3" claim and sought a determination of his permanent disability resulting from his previous accidental injury. The cause was set for and final hearing had, on October 4, 1951, and the pertinent part of the order reads as follows:

"* * * that the claimant's claim for permanent partial disability compensation by reason of the accidental personal injury of February 15, 1928, is hereby denied for the reason that the Industrial Commission does not have jurisdiction to consider the question of Permanent Partial Disability in this case, except on Motion to Show Change of Condition for the Worse, which Motion has not been filed in this cause, as set forth in the findings and citations of Finding 6 herein."

Finding 6, referred to in above order, reads:

"That the Trial Commissioner finds that this case should properly be brought before the Commission for determination of permanent partial disability on Motion to Show Change of Condition for the Worse; that this decision was made by the Trial Commissioner solely upon the Supreme Court Opinions, to-wit: Magnolia Petroleum Co. v. Nalley, 161 Okla. 198, 17 P. 2d 390, and the companion case of the same

style found in 176 Okla. 491, 56 P. 2d 769, wherein the facts set out therein are identical to the facts in this case; therefore, an Order should be entered holding that the Industrial Commission does not have jurisdiction in this case to consider the question of Permanent Partial Disability Except on Motion to Show Change of Condition for the Worse, which Motion has not been filed as yet in this case."

In Magnolia Petroleum Co. v. Nalley, 161 Okla. 198, 17 P. 2d 390, in the body of the opinion, it was said:

"On February 6, 1929, there was filed a stipulation and receipt on Form No. 7, signed by the employer and the claimant, in which it was stipulated that there was no specific injury; that employee quit work January 2, 1929, and returned to work January 14, 1929. Receipt of payment of compensation for seven days, January 7th to January 13th, in the sum of $17.11 was acknowledged. The stipulation was presented *to the State Industrial Commission and approved February 7, 1929, and the case was closed.* (Emphasis ours.)"

Thus, in the cases cited in the order of the commission and relied upon by respondent, the question as to whether the stipulation was presented to the State Industrial Commission and by its order approved and the case closed was not interposed. However, our established rule is that a stipulation and receipt, or agreed statement of facts, to be effective, must be approved by the Industrial Commission and by a majority of the commission entered of record. 85 O.S.A. §74; Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. 2d 470, and cases therein cited.

See, also, Humble Oil & Refining Co. v. Phelps, 166 Okla. 55, 26 P. 2d 207. The approval or disapproval of agreed statement of facts by Industrial Commission contemplated by this section (74) of this title (85) is an "official act" of the commission within this section requiring the affirmative recorded vote of the majority of members acting as a board, and the authority to perform such official act cannot be delegated to or exercised by a clerical employee of the commission. City of Yale v. Jones, 166 Okla. 111, 26 P. 2d 427. Therefore, the endorsement on stipulation and receipt of typewritten words, "Approved State Industrial Commission May 29, 1928," and the writing across the instrument in red ink, the word "closed," was insufficient to establish Industrial Commission approval. This did not constitute an order and was ineffective to determine the rights of the parties thereto. City of Yale v. Jones, supra.

It is, however, pointed out by the respondent that claimant was injured on February 15, 1928; that he lost only eleven weeks from his work; that he continued in the same work at consistently higher wages until April 28, 1950, when he was retired by respondent on a pension of $100 per month; that on June 20, 1950, after his retirement and twenty-two years and four months after his accident, he filed a claim for compensation for permanent disability and that in no event is he entitled to a hearing except upon an alleged changed condition. This contention is without merit because there was no order finding any condition upon which an action for an alleged "changed condition" could be brought. In Pauly Jail Bldg. Co. v. Akin, 184 Okla. 249, 86 P. 2d 796, it was urged that a litigant who delays asserting his rights for an unreasonable time to the disadvantage of another is guilty of laches. The injury was sustained by claimant therein on March 3, 1917, and on March 19, 1917, he filed his notice of injury and claim for compensation, and the commission, on March 28, 1917, entered an award for temporary total disability which was paid for a period of eight weeks, but claimant's petition to determine the extent of permanent disability was not filed until December 16, 1937, a period of more than 20 years. Therein, in answering that argument, this court, in the opinion, said:

"* * * If a plaintiff at law has brought his action within the period fixed by the

statute of limitations, no court can deprive him of his right to proceed. (Citing cases.)

"After the claim is filed the jurisdiction of the State Industrial Commission is fixed and there is no time limit set upon the right to enter an award for permanent disability. The State Industrial Commission has a continuing jurisdiction to enter an award for permanent disability. (Citing cases.)

"The Legislature could set a time limit but it has not chosen to do so except in certain cases arising under a change of condition which situation does not exist in the instant case (citing cases). In Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P. 2d 248, it is pointed out that the petitioner might have had the extent of the liability for permanent disability determined at any time after the date of the accident. So it is in the case at bar. The petitioner did not choose to do so. It therefore does not stand in a position to complain that too much delay has occasioned a wrong against it. We are asked to apply the general statutes of limitation. We know of none to apply, Any remedy against the situation * * * must be applied by the Legislature."

For the reasons herein stated the order of the State Industrial Commission is vacated, with directions for further proceedings in accord with the views herein expressed.

ARNOLD, C.J., and WELCH, CORN, DAVISON, and BINGAMAN, JJ., concur. HALLEY, V.C.J., and GIBSON, and O'NEAL, JJ., dissent.