Herman APPLE, Petitioner,

v.

STATE INSURANCE FUND et al.,
Respondents.

No. 47601.

Supreme Court of Oklahoma.

June 10, 1975.

Rehearing Denied Sept. 30, 1975.

Tim J. Crowley, Enid, for petitioner.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for respondents.

BARNES, Justice:

A trial judge denied petitioner's claim for compensation, because barred by applicable statute of limitations, 85 O.S.1971 § 43, having been filed more than one year after last medical treatment, or last compensation had been paid. This order was affirmed by State Industrial Court en banc. Petitioner, hereafter claimant, seeks review and vacation of this order upon grounds the statute, supra, had been tolled or waived.

Claimant was injured November 8, 1971, and hospitalized by respondents' physician [Dr. J. A. Mc.] for medical management and conservative treatment. Claimant was discharged November 28, 1971, with final diagnosis of acute back strain, instructions to remain at home with prescribed course of medication and return for follow-up after six days. The physician advised claimant there was no evidence of bone injury, but was discharged with final diagnosis of traumatic, acute back strain, and possibly a year would be required for the injury to heal.

Claimant was released for return to work on December 3, 1971, with limitation against heavy lifting, and resumed regular work, performing lighter duties. On December 8, 1971, claimant executed Form 7, Stipulation and Receipt, acknowledging extent of disability and receipt of [$230.00] compensation for [three weeks and 5 days] temporary total disability until December 6, 1971. Regular performance of duties continued until May 11, 1973, when he terminated employment. Claimant testified he suffered constant pain and required medication during employment, although no further medical treatment had been requested.

Because of his condition, claimant went to his family doctor [Dr. C.] on May 2, 1973, for examination. This physician reported examination disclosed lumbar spine deformity, with associated sclerosis and anterior marginal changes, apparently representing an old, healed bone injury. The injury was a mild crack across the vertebra, which had been aggravated by lack of treatment, and had resulted in total disability.

Claim for compensation was filed July 25, 1973. The claim alleged injury November 8, 1971, which was not disclosed by medical examination and remained a latent condition until discovered May 3, 1973.

Respondent admitted accidental injury, but alleged medical treatment was furnished and compensation paid claimant for lost time; further, claimant had failed to seek further medical treatment or to file claim for compensation within one year, and the claim was barred by limitations. Attached to respondent's answer filed August 1, 1973, was the Form 7 which claim-

ant had executed December 8, 1971. Upon hearing, respondents also introduced into evidence the Physician's Final Report [Form 19] dated December 7, 1971, which had been received and paid by respondent insurer. The Form 7 had not been filed with, or approved by, State Industrial Court as provided by 85 O.S.1971 § 26.

Claimant presents three arguments to support the contention that denial of his claim as barred by statute of limitations is contrary to law and unsupported by evidence. Part of the argument arises from the claim that respondent's physician incorrectly diagnosed claimant's condition and, in view of claimant's reliance thereon, a latent condition went undiscovered. Thus these circumstances justify application of the "old" rule, typified by *Brown & Root v. Dunkelberger,* 196 Okl. 116, 162 P.2d 1018, holding the statute does not begin to run against claim for latent injury until discovered.

Respondents defend correctness of this order by reliance upon decisions which strictly apply § 43, supra. These cases declare a workman who is aware, or should be aware, of some effect produced by accidental injury must make claim for compensation within one year. *Stillwater Floral Co. v. Murray,* Okl., 380 P.2d 694, and *Southwest Factories, Inc. v. Eaton,* Okl., 453 P.2d 1021. And in *Murray,* supra, we recognized principles stated in the *Dunkelberger* case expressly were overruled in *Tulsa Hotel v. Sparks,* 200 Okl. 636, 198 P.2d 652.

■ Neither position asserted is entirely definitive of the basic issue, which arises from the fact of execution of the Form 7, and succeeding events relating to failure to file claim. The statute, supra, unequivocally bars claim for compensation not filed within one year, unless waived or tolled by the employer, or someone in his behalf. *Southwest Factories, Inc. v. Eaton,* supra. Acts or omissions which toll or waive the statute have been considered numerous times. The issue arises principally from situations which present questions whether salary paid was in lieu of compensation, or whether medical treatment was provided voluntarily by an employer. See *Swafford v. Schoeb,* Okl., 359 P.2d 584; and *Cupit v. Dancu Chemical Company,* Okl., 316 P. 2d 593.

■ An employee's right to secure, and an employer's obligation to pay, compensation are vested and fixed by law at the time of injury in covered employment. *Washabaugh v. Bartlett Collins Glass Co.,* 177 Okl. 159, 57 P.2d 1162. Anything filed with State Industrial Court which challenges the court's attention and causes it to act puts into motion the process to secure compensation. *Pine v. State Industrial Comm.,* 148 Okl. 200, 298 P. 276, 78 ALR 1287. Failure to file the employer's first report of injury [Form 2] does not serve to toll the statute. *Evans v. Tulsa City Lines,* Okl., 290 P.2d 126. But filing an employer's first notice, report of attending physician required under § 25, or an insurance carrier's payment of compensation, serve to prevent any bar of the statute. *Steffens Ice Cream Co. v. Jarvis,* 132 Okl. 300, 270 P. 1103; *Oklahoma Natural Gas Corp. v. Craig,* 193 Okl. 56, 139 P.2d 181.

Under § 25 of the Act, respondent's treating physician furnished a copy of his final report [Form 19] to the employer and insurance carrier or their attorney. And a copy of this report was required to be furnished to the injured employee, or his attorney. This report was furnished to the insurer, who was thereby advised of the fact of claimant's injury. No copy of this report was furnished claimant.

■■ Thereafter, respondents initiated an attempted Form 7 settlement with claimant. This instrument was not a release from liability, but simply an agreement as to the facts of injury. When executed by the parties, and compensation is paid thereunder, the instrument constitutes a substitute for a claim where filed and approved. State Industrial Court action upon matters within its jurisdiction are required to be recorded and can be estab-

lished only by the record of that court's proceedings. *Indian Territory Illuminating Oil Co. v. Ray,* 153 Okl. 163, 5 P.2d 383; *King Drilling Co. v. Farley,* 155 Okl. 99, 7 P.2d 862.

■ Within provisions of § 26, supra, when parties agree upon facts relating to an injury for which compensation is claimed, a memorandum of that agreement, signed by the parties, may be filed with the court, and if approved, in absence of fraud, shall be deemed binding upon the parties. But to be effective, the agreement must be approved by a majority of State Industrial Court and entered of record. *Boettcher v. Marland Refining Co.,* 163 Okl. 256, 21 P.2d 1070; *City of Yale v. Jones,* 166 Okl. 111, 26 P.2d 427. Unless approved by State Industrial Court, an agreed statement of facts is not binding. *Simon v. Amerada Petroleum Co.,* 207 Okl. 255, 249 P.2d 120.

Respondents procured, and retained in their possession for some nineteen months after injury, the Form 7 settlement agreement. We must assume respondents knew the compensation law required submission of the agreement for approval before the settlement could be binding. No reason appears, and no explanation is tendered, to excuse failure to submit the agreement to that court for approval. Undoubtedly respondents recognized submission of the Form 7 for approval would constitute a substitute for filing claim, which could support an award of compensation.

■ Whether the result of inadvertence or deliberate design, the end result of respondents' actions was to deprive claimant of an opportunity to seek relief upon showing change of condition. Any agreement to waive the right to claim compensation is invalid. *Fox v. Brown,* 176 Okl. 201, 55 P.2d 129. Having recognized and agreed to the facts of claimant's injury, and settled only for resulting temporary total disability, respondents now urge that claimant waived further right to claim compensation because barred by limitations. This, in effect, simply urges the statute of limitations as a sword, rather than a shield, against stale claims. To accept this argument would allow any claim settled by Form 7 agreement to be retained without any action until expiration of a year following injury, and then pleaded as a bar to the claim. Under the recognized liberal construction, we are convinced no such results were intended in the enactment of the Act.

■ In *Sinclair Prairie Oil Co. v. Smith,* 168 Okl. 483, 34 P.2d 248, we pointed out that respondents may have adjudication of disability for permanent partial disability at any time after accidental injury. Where respondents do not choose to do so, they stand in no position to complain that delay has occasioned wrong. That principle is particularly applicable here. The asserted defense of statute of limitations accrued entirely from respondents' act of failing to file and submit the Form 7 agreement for approval. We are of the opinion, and hold, that respondents' acts waived applicability of the statute of limitations. The trial court erred in holding claimant's claim for compensation barred by 85 O.S.1971 § 43.

The order denying compensation is vacated, and the cause is remanded to State Industrial Court for further proceedings.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, SIMMS and DOOLIN, JJ., concur.