## CARL B. KING DRILLING CO. et al, v. FARLEY et al.

No. 22481. Opinion Filed Feb. 9, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Leo J. Williams, M. J. Parmenter, and R. J. Keevan, for respondent C. W. Farley.

CULLISON, J. This is an original proceeding before the Supreme Court to review an award of the State Industrial Commission rendered May 20, 1931, in favor of C. W. Farley, claimant herein.

The record discloses that, on the 23rd day of July, 1930, claimant was in the employ of petitioners when he received an accidental injury resulting in disability to the second, third, and fourth fingers of his right hand. On August 18, 1930, claimant filed a motion with the Commission, requesting a hearing on, said claim to determine the extent of disability. Thereafter, on March 11, 1930, petitioner and claimant entered into an agreement in writing, wherein it was agreed that claimant had lost the first phalange of the third finger, resulting in 50 per cent. loss of said finger, and that there was a 20 per cent. loss of use of each of the second and fourth fingers. On September 29, 1930, the Commission approved said agreement and rendered an award thereon in words and figures as follows, to wit:

"Order.

"Now, on this the 29th day of September, 1930, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to an agreement between the claimant and respondent before Commissioner Judge Doyle and Commissioner Mat McElroy on August 29, 1930, at which time claimant appeared in person and by his attorney, T. A. Cargill. Respondent not present. And the Commissioner having examined the claimant in open court and being well and sufficiently advised in the premises, the Commission finds that the claimant is entitled to 50 per cent. loss of the third finger, and 20 per cent. loss of use of second finger, 20 per cent. loss of use of the little finger, all of the right hand. And this agreement is for payment of $342, which is in addition to payment of $144 heretofore paid for temporary total disability.

"It is therefore ordered that within ten days from this date respondent herein pay to claimant the sum of $342, being the amount of disability agreed upon by claimant and respondent. It is further ordered that within 60 days from this date respondent herein file with the Commission proper receipt or other proper evidencing compliances with the terms of this order.

"Opinion and order by Commissioner Mat McElroy; Chairman Thomas H. Doyle, concurrent."

Thereafter, respondent's third finger had to be re-amputated. A part of the second phalange thereof was removed. Thereafter, on February 12, 1931, claimant, through his attorney, filed a motion with the Commission to reopen said cause because of change of condition. On March 11, 1931, petitioner and claimant entered into a second agreement whereby they agreed that claimant was entitled to 10 weeks' additional compensation because of the re-amputation of the third finger. On April 6, 1931, the Commission approved the second agreed settlement and made an award in keeping therewith in words and figures as follows, to wit:

"Order.

"Now, on this 6th day of April, 1931, the State Industrial Commission being regularly in session, the above cause comes on for consideration on an agreement filed herein by all parties, which agreement shows that the respondent and insurance carrier have agreed to pay and the claimant has agreed to accept the sum of $180 permanent partial on account of an injury to the third finger of claimant's right hand, sustained while in the employment of respondent herein, said sum to be in addition to any sums heretofore paid as temporary total or permanent partial on account of said injury, and the respondent or insurance carrier to pay all medical, hospital and doctor bills incurred by reason of said injury.

"The Commission is of the opinion that said agreement should be approved.

"It is therefore ordered that within 15 days from this date, the respondent or insurance carrier pay to the claimant herein the sum of $180. in a lump sum, on account of aforementioned injury, in addition to any sum or sums heretofore paid as permanent partial or temporary total herein, and that this cause is to be subject to the continuing jurisdiction of the Commission on a change of condition.

"It is further ordered that within 30 days from this date the respondent or insurance carrier file with the Commission receipt or other proper report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order, the roll was called and the following voted aye: Doyle, Chairman; Fannin, C. McElroy, C. THD: KB."

It will be observed the above order and award of April 6, 1931, is a rehearsal and confirmation of the second stipulation of settlement between claimant and petitioners: that said stipulation was signed by both claimant and petitioners; that said stipulation was approved by unanimous vote of the members of the Commission. The record shows that on April 22, 1931, claimant appeared before the Commission and moved to set aside the order and award made April 6, 1931. A hearing was had (presumably on the 22d day of April, 1931). Both parties were present at said hearing, at the conclusion of which, Judge Doyle, in

his individual capacity, made the following order:

"By the Court (Doyle): It is ordered by the Commission that the order heretofore made on the 6th day of October (April), is set aside and held for naught the same being improvidentially issued by mistake of fact.

"By the Respondent: To which we object.

"By the Court (Doyle): Objection overruled. Exception allowed."

It is contended by petitioners that the order and award made by the Commission on April 6, 1931, has become final and binding on all parties in interest. It will be observed petitioners objected to the order of Judge Doyle vacating and setting aside the order of the Commission of April 6, 1931, which objection was by Judge Doyle overruled and exceptions allowed.

Petitioners for their fourth assignment of error say:

"There is no evidence in the record showing any change of condition in the third finger of the right hand of the claimant after the last 'form 14' settlement was entered into and approved. And there is no evidence in the record reasonably showing why said settlement should not be ordered and adhered to."

We deem it unnecessary to discuss the contention of petitioners "that there is no evidence showing a change of condition" for the reason the order of April 6, 1931, is self-explanatory and clearly shows that the award made on that date (April 6, 1931) was in full and complete settlement for permanent partial disability sustained by claimant to the third finger of claimant's right hand. The order, in part, reads as follows:

"* * * Which agreement shows that the respondent and insurance carrier have agreed to pay and the claimant has agreed to accept the sum of $180 permanent partial on account of the injury to the third finger of claimant's right hand sustained while in the employ of respondent herein. Said sum to be in addition to any sums heretofore paid as temporary total or permanent partial on account of said injury. * * *"

The order further reads:

"* * * It is therefore ordered: That within 15 days from this date the respondent or insurance carrier pay to the claimant herein the sum of $180 in a lump sum on account of aforementioned injury, in addition to any sum or sums heretofore paid as permanent partial or temporary total herein."

Petitioners further contend that the order of Judge Doyle vacating the order of April 6, 1931, "is contrary to law."

Having held that the order of April 6, 1931, is self-explanatory and that it is unnecessary to discuss the evidence relating thereto, we proceed to discuss the "law" relating to the act of Commissioner Doyle vacating said order. It is the contention of the petitioners that one member of the Commission has no power or jurisdiction to vacate or set aside an order made by a majority vote of the Commission. Petitioners further say:

"We sincerely and insistently contend that the order vacating the order approving the settlement is invalid and a nullity, because there was no vote taken on that oral order and that oral order was not concurred in by two or more of the Commissioners.

"That order was only by Judge Doyle. It was not an order of the Commission. Hence, the order awarding the man further compensation is a nullity and void, or at least erroneous, as it has been appealed from because a previous order had been made approving the settlement entered into under the 'form 14,' which had not been vacated by any valid order."

As we view this case, the above contention of petitioners is the sole and only question presented by this record for adjudication. The contention of petitioners may be stated in shorter form:

## Question.

"Is an individual member of the Industrial Commission authorized or empowered to set aside, vacate, or annul an order or award executed by two or more of the members of said Commission concurring therein?"

Section 7315, C. O. S. 1921, provides:

"The Commission shall be in continuous session and open for transaction of business during all business hours of every day except Sunday and legal holidays. All sessions shall be open to the public, and may be adjourned, upon entry thereof in its records, without further notice. Whenever convenience of parties will be promoted or delay and expense prevented, the Commission may hold session anywhere in the state.

"Every vote and official act of the Commission shall be entered of record, and the record shall contain a record of each case considered, and the award, decision or order made with respect thereto, and all voting shall be by calling of each Commissioner's name by the Secretary, and each vote shall be recorded as cast. * * *"

Section 7316, C. O. S. 1921, provides:

"Any investigation, inquiry or hearing, which the Commission is authorized to hold or undertake, may be held or taken at any

place in the state by or before any Commissioner, and the award, decision, or order of a Commissioner, when approved and confirmed by the Commission, and ordered filed in its office, shall be deemed to be the award, decision or order of the Commission. * * *"

Under the provisions of section 7315, supra, the secretary shall keep a record of the vote of each Commissioner cast on each and every matter before the Commission, and under section 7316, supra, an order or decision of a Commissioner, when approved and confirmed by the Commission and ordered filed in its office, shall be deemed to be the award, decision, or order of the Commission.

Under the provisions just quoted, one member of the Commission has the authority to make orders and decisions upon matters in any hearing in which he is presiding, but before said order or decision becomes a final and binding act of the State Industrial Commission, the same must be approved and confirmed by the Commission and filed in its office, which we construe to mean that before the order or decision of one member of the Commission shall be approved, the same shall be confirmed by a majority of the members of the State Industrial Commission and their vote recorded thereon in accordance with section 7315.

The Commission acts as a body and not as individuals. The concurrence of a majority of the members of the Commission is necessary for a legal and binding order or award of the Commission, and where an order is made which order is not approved or concurred in by more than one member of the Commission, attempting to vacate or set aside a valid award previously made by the members of the State Industrial Commission, the order of said member attempting to vacate the previous valid award is of no force and effect until approved by a majority of the members of the Commission.

As we view the question under consideration, the award of the State Industrial Commission made on April 6, 1931, was not voided or set aside, and said order continued in full force and effect as a valid award of the State Industrial Commission.

The State Industrial Commission rendered a third award in said cause on May 20, 1931, which award was based on evidence taken April 22, 1931, and May 15, 1931. The pertinent parts of said award are as follows:

"* * * (That portion of the award omitted deals with the same subject-matter contained in the first award)

"The Commission further finds:

"(3) Since the signing of form 14 agreement mentioned above, and order of the Commission issued thereon, this claimant has suffered a change in his condition, resulting from the said aforementioned injury by reason of which it became necessary to make a further amputation of the ring finger above mentioned, on February 22, 1931, as a result of which the claimant now has a total loss of use of said finger.

"(4) By reason of said change of condition of the said ring finger of the right hand, claimant has been temporarily totally disabled since February 22, 1931, and at this time is in need of further medical attention:

"(5) That the average wage of claimant at the time of his said injury was $7 per day.

"The Commission is of the opinion, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $18 per week, for a period of 10 weeks, in addition to compensation heretofore paid him for 50 per cent. permanent disability to the said ring finger, making in all a total of 20 weeks' compensation to which this claimant is entitled for the total loss of use of the ring finger of the right hand; and

"The Commission is further of the opinion, on consideration of said facts, that claimant is entitled to compensation at the rate of $18 per week, computed from February 22, 1931, and continuing thereafter until otherwise ordered by the Commission, for the temporary total disability hereinbefore described; and

"The Commission is further of the opinion: That the respondent or its insurance carrier herein should tender to this claimant further medical attention for said ring finger of the right hand, before described herein.

"It is therefore ordered: That respondent herein, or its insurance carrier, pay to claimant the sum of $180, being 10 weeks' compensation at the rate of $18 per week for the 50 per cent. permanent disability claimant is suffering from at this time, in addition to the 50 per cent. permanent disability heretofore settled for in the form 14 settlement hereinbefore mentioned; and

"It is further ordered: That respondent or its insurance carrier pay to claimant the sum of $213, same being compensation at the rate of $18 per week, computed from February 22, 1931, to May 15, 1931, and that the payment of said compensation be continued thereafter until otherwise ordered by the Commission; and

"It is further ordered: That respondent or its insurance carrier herein forthwith tender to claimant further medical attention for the ring finger of the right hand, as before mentioned herein.

"It is further ordered: That within 30

days from this date, respondent or insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

The petitioners contend that the award made by the Commission May 20, 1931, is invalid and contrary to law for the reason that no motion to reopen said cause on account of change in condition was ever filed by the claimant and no motion pending before the Commission as required by law at the time said award was made.

The record shows that a motion to reopen on account of change in condition was filed February 12, 1931, and that in pursuance of said motion claimant and petitioners entered into a stipulation by the terms of which petitioners paid claimant $180 additional compensation in full payment for all the permanent and partial disability sustained by claimant while in the employ of petitioner; that said stipulation was duly approved April 6, 1931, by the Commission, and an award made April 6, 1931, in accordance with said stipulation; that no motion for application to reopen said cause on account of change of condition has been filed since April 6, 1931.

Having held that the motion to set aside the order of April 6, 1931, was still pending and never disposed of by the Commission, and there being no change of condition shown in that no evidence was adduced to show a change of condition subsequent to the award made April 6, 1931, under the facts and circumstances in the instant case, we are of the opinion and hold the Commission was without jurisdiction to make the award of May 20, 1931.

The petition to vacate the award of May 20, 1931, is sustained. The award made May 20, 1931, is vacated, set aside, and held for naught.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent.

Note.—See under (1) R. C. L. Perm. Supp. p. 6253.