### EVANS et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 22897. Opinion Filed Jan. 31, 1933.

Chas. R. Bostick and C. J. Hindman, for petitioners.

W. N. Maben, for respondents.

WELCH, J. This is an action commenced in this court by Earl Evans, doing business as Hurry Messenger Service, and the Continental Casualty Company, to review an award made by the Industrial Commission to Marion Griffin.

Marion Griffin was injured when an automobile struck the motorcycle on which he was riding on a Tulsa street; he was engaged generally as one of several deliverymen, delivering messages, parcels, and packages in the city of Tulsa, for hire, and constituting the delivering service of the Hurry Messenger Service, a business owned and managed by Earl Evans. At the time of his injury Marion Griffin had delivered some packages and was traveling east on Fourteenth street, when a lady driving north on Baltimore ran into him and injured him.

Petitioners herein assert that the employment of the said claimant, Marion Griffin, is not a "hazardous employment" as contemplated by sections 7283 and 7284, C. O. S. 1921, as amended by chapter 61, secs. 1, 2, S. L. 1923 [O. S. 1931, secs. 13349, 13350], and that the occupation and business engaged in is not covered or contemplated by the Workmen's Compensation Law of Oklahoma, and that said claimant was an independent contractor at the time of the alleged accidental injury, and that his employment is not covered or compensable by the Workmen's Compensation Law.

This requires consideration of the nature of the business engaged in, and the specific nature of the employment of the claimant, Marion Griffin.

Petitioner herein, Earl Evans, doing business as Hurry Messenger Service, was engaged in the general business of delivering messages, parcels or packages for hire, and maintained an office where he might receive messages or articles to be delivered, or telephone calls relating to messages or parcels to be called for and delivered to some other place. The actual deliveries were made by delivery boys, who selected their own means of transportation and furnished and maintained their own means of transportation; part of the boys used bicycles and others used motorcycles. Each delivery boy received as his compensation one-half of the fees paid by the customers he served. The claimant here, Marion Griffin, used a motorcycle which he furnished himself, and in all respects maintained at his own expense. In making deliveries the messenger in each instance chose his own route, method, and manner of travel, except, of course, being directed as to the point or points to which he should go.

Now, the claimant, Marion Griffin, was employed, that is, he was working, and there was some risk or hazard connected with the work which he was doing. However, in determining the question whether claimant, Marion Griffin, was engaged in a "hazardous employment" in this case, we cannot consider the meaning of the words "hazardous employment" in their ordinary use and meaning, but, on the contrary, we must look to see if the employment engaged in is one of the hazardous employments listed in the statute, supra. This is so, because this statute specifically names and designates those hazardous employments which are covered and compensable by its terms and provisions, and the claimant is not entitled to have any award whatever made him by the Industrial Commission, unless his injury arose out of, and in the course of, his employment in some business, or employment covered by the act. (Southern Construction Co. v. State Industrial Commission, 112 Okla. 248, 240 P. 613.)

The section of the statutes above referred to provides, in part, as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employment, to wit, * * * transfer and storage * * *"

—and it seems to be conceded in the briefs of the parties that the claimant would not be entitled to any award, unless he is and was entitled thereto by virtue of his being

an employee engaged in the "transfer and storage" business.

In the case of Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, this court held that the words "transfer and storage" are to be read as one word; in that case one Kimble had a contract to haul two truck loads of building material for the Gypsy Oil Company, from a lumber yard in Seminole to the oil field near Seminole, and Keys was employed by Kimble to assist in the hauling of one of the loads, and, while he was engaged in cranking one of the trucks, the same backfired, breaking his wrist; he was awarded compensation, and in the action brought in this court to review the award, this court held that the clause "transfer and storage" does not include "motor carriers," and the award was vacated. In the case of Brinks Express Co. v. Foster, decided July 21, 1931, reported in 154 Okla. 255, 7 P. (2d) 142, this court followed the Gypsy Case, supra.

In the case of Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034, the employer was a retail drug store employing motorcycle delivery boys in Oklahoma City. The claimant, Herman Brown, was employed to make deliveries from said drug store; he was injured and was granted an award. This court vacated the award, and held that "employment as a deliveryman for a drug store is not hazardous employment as contemplated by sections 7283 and 7284, C. O. S. 1921, as amended by chapter 61, secs. 1, 2, S. L. 1923." The court further said:

"Our Workmen's Compensation Law is remedial in its objects and operations, and should receive liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

After carefully considering the rule announced by the decisions of this court, and the provisions of the statute itself, we are forced to the conclusion that the Workmen's Compensation Law does not in any manner include the occupation of the claimant, Marion Griffin, for the reason that this law specifically provides the character of employment covered and compensable under the act, and cannot be construed to include this kind and character of employment.

As to the question whether the claimant, Marion Griffin, was an independent contractor, the proof shows that he furnished his own motorcycle, paid for his own gas and oil and repairs, chose his own route and method of travel in going for and delivering messages and packages, and received as compensation for his services and the use of his vehicle one-half of the fees paid by the customer whom he served. It seems to be conceded that the petitioner herein, Earl Evans, doing business as Hurry Messenger Service, was only interested in the result or product of the work, that is, the delivery of the message or package at its destination, and the collection of the charge therefor.

The question of independent contractor as applied to compensation cases has been before this court, and in the case of Southern Construction Co. v. State Industrial Commission, supra, this court said:

"An independent contractor is one who engages to perform a certain service for another, according to his own manner and method, free from control and directions of his employer in all matters connected with the performance of the service, except as to the result or product of the work."

In this case it appeared that the Southern Construction Company employed the claimant to deliver gravel on a construction job for 20 cents per ton mile as his compensation. It further appeared that the claimant owned a truck and was at liberty to drive the truck, or he could even employ another, and the court, in the body of the opinion, in discussing the facts of the case, said:

"The construction company was not obligated to exercise any control over the claimant or his driver in the method and manner employed in the performance of the service. The construction company owed no duty to inspect the truck and maintain the same in proper repairs. The employer was concerned only with the delivery of the gravel on the construction job at the place it designated."

And further in the opinion the court said:

"The only direction or supervision exercised by the construction company in connection with the performance of the service, was to point out to the claimant the gravel to be hauled and the place where it was to be delivered."

To the same effect are the following cases: Wagoner v. A. A. Davis Construction Co., 112 Okla. 231, 240 P. 618, wherein the employee was hired to haul gravel at a stipulated price per cubic yard, depending upon the distance hauled, using his own trucks. In this case the Industrial Commission made its order denying the claimant any award because he was an independent contractor

and not an employee within the terms of the act, and this court sustained that order.

Maryland Casualty Co. v. Industrial Commission, 148 Okla. 204, 298 P. 275, wherein claimant was employed to haul gravel for construction work at 60 cents per cubic yard, using his own truck.

Oklahoma Publishing Co. v. Greenlee, 150 Okla. 69, 330 P. 684, wherein the employee was under contract to deliver papers, receiving a weekly salary plus a certain commission for delivering papers which he received, then handled and delivered in his own way and in his own conveyance. .

In all of these last-cited cases it was held the claimant was an independent contractor, and not an employee within the terms, provisions, and meaning of the Workmen's Compensation Act.

It is argued at length and with commendable zeal, perhaps, that the claimant was under legal age, and therefore not capable of making any contract which he could not avoid, and that for this reason he could not be an independent contractor. We might agree with all of the authorities cited and arguments made to the effect that claimant could avoid any contract he made because under legal age; still, we would be unable to follow counsel to the conclusion that the claimant was an employee, which he certainly was not in this case, because of the fact that by reason of lack of mature age, he could avoid any contract he made. We are not called upon in this case to say whether the claimant's contract must be enforced, or whether he may avoid same. So far as the record shows every contract that he made with Earl Evans, doing business as Hurry Messenger Service, has been fully executed, and he has been paid the contract price, and no objection has been made by the claimant, or any one else, to any or either of such contracts. It is true, of course, that a minor may maintain an action for an award as an employee under the act under consideration (United States F. & G. Co. v. Cruce, 129 Okla. 60, 263 P. 462), but he cannot prevail when the facts disclose he was not an employee as contemplated by the act.

Counsel for respondent and claimant, Marion Griffin, in his brief cites no authority for his contentions that the employment of Marion Griffin was hazardous employment as defined by the Workmen's Compensation Law, and we conclude in this case that the claimant, Marion Griffin, was an independent contractor, and that the employment in this case is not one in which an injured employee is entitled to an award under the Workmen's Compensation Law, and for these reasons, the award is vacated, with directions to the State Industrial Commission to dismiss the claim for want of jurisdiction.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY, J., absent and not participating.

Note.—See under (1) annotation in L. R. A. 1916A, 192, 216; L. R. A. 1917D, 150; L. R. A. 1918F, 230; 15 A. L. R. 735; 28 R. C. L. 716. (3) annotation in 65 L. R. A. 454, 456; 17 L. R. A. (N. S.) 371, 19 A. L. R. 227; 14 R. C. L. 67; R. C. L. Perm. Supp. p. 3514.