STANDARD CO. DAIRY v. ALLEN et al.

No. 29545.   Oct. 1, 1940.

Rehearing Denied Dec. 24, 1940.

*108 P. 2d 164.*

Claud Briggs and John Morrison, both of Oklahoma City, for petitioner.

Kramer & Colley, of Tulsa, for respondents.

RILEY, J.   This is an action commenced in this court to review an award of the State Industrial Commission.

Claimant received the accidental injuries January 1, 1935. He filed his claim with the State Industrial Commission October 5, 1935. Compensation was denied upon the ground that the alleged employer was not engaged in a hazardous business as defined by the Workmen's Compensation Act. Upon review the order of the commission denying compensation was reversed and the matter was remanded to the State Industrial Commission for further proceedings. Allen v. State Indus. Comm. et al., 183 Okla. 585, 83 P. 2d 808.

Thereafter respondent, petitioner herein, amended its answer by alleging that claimant was an independent contractor at the time of his alleged injury,

288

and by denying liability upon the alleged ground that the plaintiff's injury was caused by a third party and claimant had failed to elect, as required by law, whether he would claim under the Workmen's Compensation Act or sue the third party for damages.

Hearing was had after article 2, ch. 72, S. L. 1939, referred to as Senate Bill No. 3, became effective, before one of the commissioners.

On September 13, 1939, the trial commissioner made and entered his findings and award allowing compensation, allowing for temporary total disability for a period of 11 weeks and five days at $10.77 per week; for permanent partial disability, 15 per cent. disability to the right leg, being 26½ weeks' compensation at the rate of $10.77 per week, and $650, for disfigurement. September 16, 1939, the trial commissioner entered a "corrected order" correcting some erroneous calculations in the original order. September 19, 1939, respondent, petitioner herein, filed its "notice and application for review on appeal," requesting a review of said order by the State Industrial Commission as constituted by law.

On September 23, 1939, claimant, Elmer Allen, filed notice of his application for review and appeal to the whole commission.

Thereafter, on October 7, 1939, the State Industrial Commission entered its order as follows:

"Now, on this 7th day of October, 1939, the State Industrial Commission being regularly in session, this cause comes on for consideration, upon appeal to the entire commission, sitting en banc, as provided by Senate Bill Number Seven of the Seventeenth Session of the Oklahoma State Legislature, and the commission, after a full consideration and review of the order made in this cause by the trial commissioner on September 13, 1939, and as amended by the corrected order made and entered on the 16th day of September, 1939, and after a full consideration and review of the record herein, find that said order should be and hereby is affirmed and said order is hereby adopted and made the judgment and order of this commission on appeal herein."

It is this order which petitioner seeks to have reviewed.

There are eleven assignments of error.

The first four are presented together under the one proposition that Senate Bill No. 7, art. 2, ch. 72, S. L. 1939, and particularly subdivision 9 of section 2 of the act, is unconstitutional.

It is asserted that said act, and particularly subdivision 9 of section 2, is unconstitutional because the act as a whole and as shown by its title is and was intended to be amendatory of certain sections set forth in the title and specifically repeals certain other sections, and that subdivision 9 of sec. 2 is an attempt to amend sections 13381, 13382, and 13385, O. S. 1931, without mention thereof in the title of the act, and without setting forth in full the provisions of said sections as amended.

The principal contention is that subdivision 9 of section 2 of the act directs the commission to adopt such rules as may be necessary to insure certain proceedings, that is:

"* * * The evidence pertaining to all cases, except upon agreed order, shall, insofar as may be possible, be heard by one and the same commissioner. Upon the completion of such hearing or hearings, the commissioner hearing said cause shall make such order, decision or award as he may deem just, advisable and equitable in the matter. Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days have the right to take an appeal from the order, decision or award of the trial commissioner to the entire commission. Such appeal shall be allowed as a matter of right to either party upon filing with the secretary of the commission notice of such appeal. Upon the filing of such appeal, the entire commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. In case less than the entire commission

hears the appeal, only those members participating in the hearing shall participate in the making of the order, decision or award. Such appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and shall be determined on the record made before the trial commissioner."

Section 13381, O. S. 1931, as construed by this court in King Drilling Co. v. Farley, 155 Okla. 99, 7 P. 2d 862, requires a majority of the commission (two members at that time) to concur in any award, and requires that the record and award must show an aye and nay vote on each award.

The act of 1939 makes no mention of, and does not purport to amend, said section 13381.

It is, therefore, contended that the original award as made by the trial commissioner (McElroy) is without authority of law because said section 13381, supra, has never been effectively amended.

It is suggested by claimant, respondent herein, that petitioner is in no position to raise the question here because the award which it seeks to have reviewed is one made by the commission as such and not the award made by the trial commissioner.

We deem it proper, however, to consider the question raised as to the constitutionality of the provisions of subdivision 9 of sec. 2 of art. 2, ch. 72, supra.

There is no room for doubt that the provisions of subdivision 9, supra, are in conflict with section 13381, supra, as construed by this court in King Drilling Co. v. Farley, supra.

Petitioner relies upon Riverland Oil Co. et al. v. Williams, 176 Okla. 448, 56 P. 2d 1167, and similar cases.

In Riverland Oil Co. v. Williams, supra, it is held:

"An act to amend a particular section of a general law is limited in its scope to the subject matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

And:

"It is held generally that, where the title of the amendatory act specifies the section or sections to be amended, the amendment must be germane to the subject matter of the sections specified, and that amendment of other sections, not specified, will be void."

The act there involved contained no provision repealing all laws and parts of laws in conflict therewith.

The rule is that every presumption is in favor of the constitutionality of legislative enactments and that they should not be declared invalid unless their invalidity clearly appears. It is sometimes said that a statutory enactment must be upheld unless its invalidity appears beyond all doubt. 12 C. J. 791 to 798, inclusive.

In Stout v. State, 36 Okla. 744, 130 P. 553, it is held:

"An act of the Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain."

The title to the act here involved includes:

"Repealing all laws or parts of laws in conflict with this act." Laws 1939, c. 72, art. 2.

Section 7 of the act provides:

"All laws or parts of laws in conflict herewith are hereby repealed."

In the absence of a constitutional inhibition of this method of appeal, such clause operates to repeal all general laws or parts thereof which conflict with, are repugnant to and inconsistent and irreconcilable with provisions of the statute containing such clause. 59 C. J. 903.

In Nettles v. Carson, 77 Okla. 219, 187 P. 799, it is held:

"A statute which contains a repealing clause to the effect 'that all acts and parts of acts in conflict herewith are hereby specifically repealed,' repeals

earlier acts insofar as the same conflict with the latter act."

Under that rule article 2, ch. 72, S. L. 1939, to the extent any of its provisions are in conflict with, repugnant to, or irreconcilable with any of provision in sections 13381, 13382, and 13385, O. S. 1931, or any of said sections, operates as a repeal of such conflicting provisions in the prior statute. The rule stated in Riverland Oil Co. v. Williams is not applicable.

The provision in subdivision 9, sec. 2, of the 1939 act, permitting one member of the State Industrial Commission to make an award, which may become final, in the absence of an appeal therefrom to the full commission or proceeding to review in this court as provided by section 3 of the act, is valid and not in conflict with any provision of the Constitution.

It is next contended that claimant is barred by reason of the fact that his injury was caused by the negligence or wrongful act of a third party, and claimant failed to make an election to claim compensation or pursue his remedy against the third party and failed to assign to petitioner his cause of action against the third party in the manner and within the time required by law and rule 22 of the State Industrial Commission.

The contention cannot be upheld under the rule stated in Chickasha Motor Co. et al. v. State Industrial Commission, 174 Okla. 304, 50 P. 2d 308. Therein it is held:

"The filing of a claim for compensation with the State Industrial Commission by an injured workman is a sufficient declaration of his election to take compensation under the Workmen's Compensation Act rather than to pursue his remedy against a third person by whose negligence the injury was sustained."

And:

"Neither the statutes nor the rules of the State Industrial Commission prescribe or fix a definite time within which an injured workman electing to take compensation shall assign his cause of action against a third person causing the injury, and where the insurance carrier denies liability for the injury and does not demand the assignment, but shows an unwillingness to accept it, the claimant is excused from making it."

The record before us and the proceedings in Allen v. State Industrial Commission et al., supra, clearly show that petitioner has at all times denied liability for the injury, and that it never demanded the assignment.

It is next contended that there is no evidence to support the finding of fact No. 3, to the effect that: "Respondent had actual notice of said injury and was not prejudiced by failure to give written notice."

In this connection petitioner admits actual notice of the injury, but contends that it had no notice whatever that claimant intended to claim compensation.

The record does not bear out the contention. It shows beyond question that petitioner had actual notice of the injury the day the accident occurred; that it made investigation as to the facts as to how the injury occurred, and that shortly after the injury claimant informed petitioner that he would not sue the third party, but was looking solely to petitioner for compensation.

Under the rule in Oklahoma Gas & Elec. Co. v. Thomas, 115 Okla. 67, 241 P. 820, the finding of the commission must be upheld.

It is next contended that there is no competent evidence to support the finding fixing claimant's average wage at $70 per month.

The record discloses that claimant had not been employed by petitioner more than about six weeks prior to his injury. Subdivision 2, sec. 13355, is the applicable provision for ascertaining the average wage. Claimant did not show the average daily wage of an employee of the same class in the same employ-

ment, that is, in the employment of petitioner. He did produce evidence as to the average earnings of employees of another company of the same class engaged in the same business in the same city.

This evidence tends to show average earnings of from $90 to $95 per month.

The contention of petitioner is that before claimant was entitled to bring in evidence as to the average earnings of an employee of the same class in a similar employment, he must show that the evidence of the average earnings of employees of the same class in the same employment was not available. And by the "same employment" is meant the employment of petitioner and none other. No authority is cited in support of this contention, and we find none.

Under the rule of liberal construction applicable, this provision is not subject to this narrow construction.

The statute says, "The same or similar employment."

There being no method by which the average annual earning of such employee could be determined with definite accuracy, the statute allows proof of the wage of an employee of the same class in either the same employment or a similar employment.

Moreover, petitioner did not object to the evidence upon the ground that it was not the best evidence.

In fact, the only objection was to the question of whether the Beatrice Company had a guaranty of a minimum wage for its employees and the amount thereof. This objection was sustained as to the amount of guaranty.

The contention of petitioner cannot be sustained.

The next contention is that the record shows that claimant was an independent contractor. In support of this contention petitioner cites Evans v. State Industrial Commission, 161 Okla. 288, 18 P. 2d 885.

The facts in that case and the cases therein cited differ radically from the facts in the instant case. There is some similarity, but two or more of the essential elements constituting an independent contractor are entirely lacking in the case at bar.

In the Evans Case, supra, the claimant, a messenger, furnished his own motorcycle, and chose his own route. Here the company owned the delivery truck and apparently furnished oil, gas, and repairs, furnished claimant with a route book which was, however, subject to change from time to time, as claimant secured new customers.

The evidence does not sustain the claim of independent contractor.

Finally it is contended that there is no competent evidence to support the finding of 15 per cent. permanent partial disability of claimant's right leg.

Petitioner overlooks entirely the evidence of Dr. White. This is a question for expert witnesses. Dr. White qualified as such, and testified to 25 per cent. permanent partial disability of the right leg. The commission found but 15 per cent. There was ample evidence reasonably tending to support the finding.

The petition to vacate is denied, and the award is affirmed.

BAYLESS, C. J., and OSBORN, HURST, GIBSON, and DAVISON, JJ., concur.