PUBLIC FINANCE The enactment of Chapter 75, O.S.L. 1977, 62 O.S. 310.1 [62-310.1] — 62 O.S. 310.4 [62-310.4] (1977), relating to the use of purchase orders, and containing a general repealer does not eliminate the necessity of filing payroll claims for payment of wages to municipal officers and employees. Under 62 O.S. 304.1 [62-304.1] (1971), a single payroll claim can be used for all municipal officers and employees of any department, office or sub-office of the municipality for the payment of wages. Under 62 O.S. 310.1 [62-310.1] (1977), the governing board of a municipality may by single vote approve all purchase orders that meet its approval, provided that such purchase orders so approved are reflected as approved in the minutes of the meeting of the governing body at which such purchase orders are approved. Under 62 O.S. 310.1 [62-310.1] (1977), the purchasing officer of the municipality is required to sign purchase orders, and a member of the governing board is not required to sign purchase orders unless such member has been designated as the purchasing officer by the governing board. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Does Chapter 75, O.S.L. 1977, amending 62 O.S. 310.1 [62-310.1] — 62 O.S. 310.4 [62-310.4] (1971), eliminate the necessity for filing claims for wages by municipal officers and employees? 2. If it does not, is one payroll claim for all employees sufficient? 3. If payroll claims are no longer necessary, is one purchase order for municipal officials and employees' payroll sufficient? 4. May the governing board of a municipality by a single motion approve all purchase orders, authorized to be used by 62 O.S. 310.1 [62-310.1] (1977), that meet its approval, provided that the purchase order so approved is reflected as such in the minutes of the governing body? 5. Must a member of the governing body sign purchase orders authorized by 62 O.S. 310.1 [62-310.1] (1977)? In your request letter, you refer to Section 10 of Chapter 76, O.S.L. 1977, which repeals all laws or parts of laws in conflict with the new amendatory act, with certain exceptions. Payroll claims for municipal officers and employees, as well as county, and school district officers and employees are provided for in 62 O.S. 304.1 [62-304.1] (1971). That section is limited in its operation to payroll claims only and does not involve claims or invoices for the purchase of goods or services. Section 10 of Chapter 75, O.S.L. 1977, is a general repealer provision, the effect of which is stated in Standard Co. Dairy v. Allen,188 Okl. 287, 108 P.2d 164 (1940), as repealing all prior general laws, or parts thereof, which are repugnant to, and inconsistent and irreconcilable with the repealing statute. From a reading of Chapter 75, O.S.L. 1977, 62 O.S. 310.1 [62-310.1] — 62 O.S. 310.4 [62-310.4] (1977), relating to the use of purchase orders for goods, supplies and services, and the prior and existing provision, 62 O.S. 304.1 [62-304.1] (1971), relating specifically to payroll claims for city, county or school district officers and employees, it is clear that 62 O.S. 304.1 [62-304.1] is in no way repugnant to, inconsistent or irreconcilable with the terms and provisions of 62 O.S. 310.1 [62-310.1] — 62 O.S. 310.4 [62-310.4] (1977). It would, therefore, follow that the enactment of Chapter 75, O.S.L. 1977, does not eliminate the necessity for filing payroll claims for municipal officers and employees. Concerning your second question, from a reading of 62 O.S. 304.1 [62-304.1] (1971), relating to payroll claims for municipal officers and employees, it appears that one payroll claim is required to be used and executed by the "duly elected or appointed head of any department, office, sub-office, district, station or school on behalf of such head and his or her subordinates." Thus, one payroll claim can be used by each department head or each officer of city government for his or her subordinates. In view of the answer to the first question, we do not reach our third question. Concerning your fourth question, under 62 O.S. 310.1 [62-310.1] (1977), it does not appear necessary that each and every purchase order be separately voted upon by the governing body of a municipality. Thus, the governing body of a municipality by a single motion approve all purchase orders that meet its approval, provided that such purchase orders so approved are reflected as approved in the minutes of the meeting at which the governing body approves such purchase orders. Concerning your fifth question, 62 O.S. 310.1 [62-310.1] (1977), requires that purchase orders in order to be valid be signed and approved by the purchasing officer, which can presumably be the governing board itself, or some designated officer or employee. It would, therefore, follow that the act does not contemplate the signing of a purchase order by a member of the governing body of a municipality, unless that member has been designated the purchasing officer by the governing board. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The enactment of Chapter75, O.S.L. 1977, 62 O.S. 310.1 [62-310.1] — 62 O.S. 310.4 [62-310.4] (1977), relating to the use of purchase orders, and containing a general repealer, does not eliminate the necessity of filing payroll claims for payment of wages to municipal officers and employees. Under 62 O.S. 304.1 [62-304.1] (1971), a single payroll claim can be used for all municipal officers and employees of any department, office or sub-office of the municipality for the payment of wages. Under 62 O.S. 310.1 [62-310.1] (1977), the governing board of a municipality may by single vote approve all purchase orders that meet its approval, provided that such purchase orders so approved are reflected as approved in the minutes of the meeting of the governing body at which such purchase orders are approved. Under 62 O.S. 310.1 [62-310.1] (1977), the purchasing officer of the municipality is required to sign purchase orders, and a member of the governing board is not required to sign purchase orders unless such member has been designated as the purchasing officer by the governing board. (GERALD E. WEIS) ** SEE: OPINION NO. 88-510 (1988) (UNPUBLISHED) **