The Attorney General has received your request for an opinion wherein you, in effect, ask the following question: Does the Oklahoma Purchase Order Law, 62 O.S. 310.1 [62-310.1] through 62 O.S. 310.7 [62-310.7] (1979), as amended, modify or repeal 19 O.S. 3 [19-3] (1971)? Title 19 O.S. 3 [19-3] (1971) provides as follows: "The powers of a county as a body politic and corporate shall be exercised by its Board of County Commissioners. "It is hereby declared to be contrary to law, and against public policy, for any individual County Commissioner, or Commissioners, when not acting as a Board, to enter into any contract, or to attempt to enter into any contract, as to any of the following matters: "(a) Any purchase of equipment, machinery, supplies or materials of any kind for any County or any Commissioner's District, or Districts, thereof; "(b) Any contract or agreement relating to or for the leasing or rental of any equipment, machinery, supplies or materials for any County or any Commissioner's District, or Districts, thereof; "(c) To do or transact any business relating to such County, or any Commissioner's District, or Districts thereof, or to make any contract or agreement of any kind relating to the business of such County, or any Commissioner's District, or Districts thereof; "And none of such acts or attempted contracts as above set forth, done or attempted to be done, by an individual County Commissioner or Commissioners, when not acting as a Board, shall ever be subject to ratification by the Board of County Commissioners, but shall be illegal, unlawful and wholly void. "Provided that nothing herein shall be construed as prohibiting or preventing the Chairman of the Board of County Commissioners from performing such duty or duties as he may be required by law to perform as Chairman of such Board, but only after the Board, by a majority vote thereof, shall have authorized and directed such performance by said Chairman." Title 62 O.S. 310.1 [62-310.1] (1979) provides as follows: "County, school district, and municipal officers, county and municipal boards, commissions, designated employees and boards of county commissioners, hereinafter referred to as the purchasing officer, having authority to purchase or contract against all budget appropriation accounts as departmentalized and appropriated by the county excise board shall submit all purchase orders and contracts in quadruplicate at the time such indebtedness is incurred, to the officer charged with keeping the appropriation and expenditure records or clerk of the county or municipality or school district, who shall, if there be an unencumbered balance in the appropriation made for that purpose by the excise board, so certify in the following form: "I hereby certify that the amount of this encumbrance has been entered against the designated appropriation accounts and that this encumbrance is within the authorized available balance of said appropriation. "Dated this ______ of _______________, 19__. __________________________ Encumbering Officer or Clerk of _________________ "Provided in instances where it is impossible to ascertain the exact amount of indebtedness sought to be incurred at the time of recording the encumbrance, an estimated amount may be used and the encumbrance made in like manner as set forth above. Provided no purchase order or contract shall be valid unless signed and approved by the purchasing officer and certified as above set forth by the officer or clerk charged with keeping the appropriation and expenditure records. The clerk or encumbering officer shall retain and file one copy of the purchase order. The original and two copies of the purchase order shall be returned to the purchasing officer who shall retain the original copy of the purchase order for completion of the transaction as hereinafter provided, and file one copy in his office. The other copy may be given to the vendor as his notification of the purchase. "After satisfactory delivery of the merchandise or completion of the contract, the vendor shall deliver an invoice to the purchasing officer. Such invoice shall state the vendor's name and address and must be sufficiently itemized to clearly describe each item purchased, its unit price, where applicable, the number or volume of each item purchased, its total price, the total of the purchase and the date of the purchase. The purchasing officer shall attach the itemized invoice together with delivery tickets, freight tickets and/or other supporting information to the original of the purchase order and, after approving and signing said original copy of the purchase order for payment, shall return it to the clerk of the county, school district, or encumbering officer of the municipality for consideration for payment by the governing board. "Provided further, each purchasing officer may make small purchases but the outstanding total of each purchasing officer's unencumbered purchases shall not exceed Five Hundred Dollars ($500.00) at any one time. Such purchases shall be paid by attaching properly itemized invoices (as described above) to a purchase order and, after being approved by the purchasing officer, submitting it to the clerk for filing, encumbering and consideration for payment by the governing board. Copies of the purchase order shall be filed in the same manner and sequence as other purchase orders. It shall be the responsibility of the purchasing officer to keep an accurate record of such purchases and all such purchases shall be filed for payment no later than one (1) month after the close of the month within which the purchase was made." Title 62 O.S. 310.1 [62-310.1](a) (1979) provides as follows: "The officer, deputy or employee receiving satisfactory delivery of merchandise shall acknowledge such fact by signing the invoice or delivery ticket and no purchase order shall be approved for payment by the governing board unless the required signed invoices or delivery tickets are attached thereto." Title 62 O.S. 310.1 [62-310.1](b) (1979) provides as follows: "The clerk or encumbering officer shall present all properly filed purchase orders to the governing board who shall examine them to determine their legality. The governing board shall consider said purchase orders as claims for payment and shall approve said purchase orders in the amount they determine just and correct." Title 62 O.S. 310.1 [62-310.1](c) (1979) addresses duties and limitations of county purchasing officers and provides the following: "A. The board of county commissioners may designate each of its members and not to exceed four other county employees as purchasing officers for the department of county highways. The board may also designate not to exceed two county employees as purchasing officers for each of the other departments of county government under the direct control and supervision of the board of county commissioners. Each such purchasing officer shall have the authority to make purchases of supplies, materials and repairs necessary for the normal maintenance and operation of the applicable department of government; provided that all such purchases shall be the official responsibility of the board of county commissioners, except that any employee making an unauthorized purchase may be held liable to the vendor for the amount of such unauthorized purchase. Designation of such employees shall be made by a resolution properly recorded in the commissioners' proceedings stating the employee's name and position, the department and the appropriation accounts from which the employee shall have the authority to make purchases, and which shall require each purchasing officer to be bonded in an amount to be determined by the board of county commissioners but not less than Five Hundred Dollars ($500.00). Said bond shall be a cash bond or a corporate surety bond and shall be filed with the county clerk. Provided, any county board or commission not under the direct control of the board of county commissioners shall designate its purchasing officers by entering such designations, rules and regulations in the minutes of their meeting and by filing a copy of such designations with the county clerk. All purchases made by such employees shall be made in accordance with the laws of the State of Oklahoma, the provisions of this act and the rules and regulations of the board of county commissioners. "B. It shall also be the responsibility of the board of county commissioners to determine and enter in the minutes of their meeting at the beginning of each month the amount of county highway funds which may be encumbered by the purchasing officers during that month. The amounts so determined may be amended at any subsequent meeting during the month by a motion properly approved and entered in the minutes of their meeting. Purchasing agents for those departments under the direct control and supervision of the board of county commissioners, other than the department of county highways, shall not incur an indebtedness in excess of Five Hundred Dollars ($500.00) without prior authorization by the board of county commissioners." The general authorization for properly designated purchasing officers of political subdivisions of this State to contract or disperse funds is provided by 62 O.S. 310.1a [62-310.1a] (1979). This section of the Purchase Order Law is general in application regarding county purchasing officers since limitations are placed on county purchasing officers particularly specified in 62 O.S. 310.1c [62-310.1c] (1979). When read together, the above provisions of the Purchase Order Law provide a procedure whereby the boards of county commissioners may now delegate to county purchasing officers certain duties which were heretofore authorized to be performed only by the board of county commissioners acting together as a body. Although county purchasing officers now have authority "to make purchases of supplies, materials and repairs necessary for the normal maintenance and operation of the applicable department of government", county purchasing officers "shall not incur an indebtedness in excess of Five Hundred Dollars ($500.00) without prior authorization by the board of county commissioners." Thus, under the specific provisions of 62 O.S. 310.1c [62-310.1c], all other purchases authorized to be made by county purchasing officers necessitate prior approval of the board of county commissioners. Section 10 of Chapter 75, O.S.L. 1977, which repeals all laws or parts of laws in conflict with the amended act, with certain exceptions, is a general repealer provision, the effect of which is stated in Standard Company Dairy v. Allen,188 Okl. 287, 108 P.2d 164 (1940), as repealing all prior general laws, or parts thereof, which are repugnant to, and inconsistent and irreconcilable with the repealing statute. From a reading of the amended Purchase Order Law, 62 O.S. 310.1 [62-310.1] through 62 O.S. 310.7 [62-310.7] (1979), it is clear that an exception has been created thereby when compared to 19 O.S. 3 [19-3] (1971). However, the exception for small purchases does not vitiate 19 O.S. 3 [19-3] (1971) but merely allows an exception so that county government does not cease to function until an emergency meeting of the Board of County Commissioners is called to authorize the purchase of some minor service or item. It is well recognized in this State, in a legion of cases, that when two acts or parts of acts are susceptible of construction which will give effect to both without doing violence to either, such construction should be adopted in preference to one which leads to a conclusion that there is a conflict. Wade v. Brown, Okl., 516 P.2d 526 (1973); Guardianship of Cambell, Okl., 450 P.2d 203 (1966) . It is, therefore, the official opinion of the Attorney General that 62 O.S. 310.1 [62-310.1] through 62 O.S. 310.7 [62-310.7] [62-310.7] (1979) does not repeal 19 O.S. 3 [19-3] (1971) but merely creates an exception thereto allowing properly designated county purchasing officers to make purchases up to five hundred dollars ($500.00) in a given month without prior approval of the Board of County Commissioners. (MICHAEL JACKSON) (ksg)