1998 OK CIV APP 184

**James D. LEE, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and The Workers' Compensation Court, Respondents.**

No. 90,300.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 27, 1998.

Rehearing Denied Sept. 4, 1998.

Certiorari Denied Dec. 9, 1998.

Richard L. Peaster, Tulsa, Oklahoma, for petitioner.

Georgiana Peterson, Henry A. Meyer, III, Oklahoma City, Oklahoma, for respondents.

## OPINION

CARL B. JONES, Vice Chief Judge.

¶ 1  In this cause, the claim of Petitioner/Claimant, James D. Lee, against the Special Indemnity Fund was denied by the trial judge and that determination is here for review. Claimant's last injury was to the right shoulder and neck and was joint-petitioned as a 36% injury to the body as a whole. The trial judge determined that jurisdiction did not exist to proceed against the Fund, and the claim was denied. As grounds for reversal, Claimant reasons that it was error for the trial court to find that it did not have jurisdiction to proceed with its claim against the Fund. First, Claimant states he is a "physically impaired person" as defined by 85 O.S.Supp.1993 § 171 by virtue of a "*Crumby*" finding[1] in a prior order of the Workers' Compensation Court. Second, Claimant argues he did not receive a full opportunity to establish the obvious and apparent nature of his disability before the trial judge ruled against him.

¶ 2  In the first portion of his argument, Claimant maintains there is a "*Crumby*" finding in this cause sufficient to meet the threshold requirement of 85 O.S. § 172(C), which reads: "Before a physically impaired person can proceed against the Special Indemnity Fund, the pre-existing permanent partial disability and the permanent partial disability from the last injury must exceed a total amount equal to forty percent (40%) to the body." Claimant refers to three cases from the Court of Appeals which treats a "*Crumby*" finding as a pre-existing disability adjudged and determined as required under 85 O.S.Supp.1993 § 171.[2]

1. *J.C. Penney Co. v. Crumby*, 1978 OK 80, 584 P.2d 1325.

2. *Miville v. Special Indemnity Fund*, 1997 OKCI-VAPP 72, *949 P.2d 687, quoting Special Indemnity Fund v. Davis*, 1996 OKCIVAPP 135, 930 P.2d 830, and *Special Indemnity Fund v. Richardson*, 1996 OKCIVAPP 163, 941 P.2d 532, *cert. denied*.

Be that as it may, it is also true that the Oklahoma Supreme Court has stated that an *extra-territorial* award for permanent disability does not establish the claimant as a previously impaired person. *Special Indemnity Fund v. Bedford,* 1993 OK 60, 852 P.2d 150. *Bedford's* holding is clear and unambiguous and precludes Claimant from qualifying as a "physically impaired person" by reason of injuries adjudicated in Kansas workers' compensation proceedings.

 ¶ 3 Claimant's second proposition is that he had an obvious and apparent disability to his arm which qualified him as a "physically impaired person" independent of any previously adjudicated injuries. He complains that the trial court ruled against him before he had put on the evidence to establish this. The record reflects that Claimant was the first and only witness to testify. Claimant's attorney's direct examination of Claimant concluded when he announced that he had no further questions. At that point the trial judge announced:

"Well, I'm just going to rule as a matter of law then that you have not met your burden of proof. I haven't heard any evidence at all about combination of injury. I haven't heard anything that has anything to do with an obvious and apparent injury. . . . .

So I am going to find that I have no jurisdiction to proceed at this point, and the case is dismissed. You're excused."

¶ 4 The trial court may well have ruled before Claimant rested, but unfortunately the record contains no objection to the alleged premature decision, nor an offer of proof of any additional evidence Claimant sought to present. That Claimant now says that he had more evidence to present is insufficient. In Workers' Compensation Court, just as in other civil court proceedings, the general rule is that the exclusion of evidence at trial will not be reviewed on appeal unless a proper offer of the excluded evidence is made and included in the record. *Midwest Scale Co. v. England,* 1966 OK 23, 411 P.2d 531, 532. The appellant has the responsibility for presenting to the appellate court a record that sufficiently supports his allegations of error. *Bailey v. Bailey,* 1994

OK 6, 867 P.2d 1267, 1272; *Davidson v. Gregory,* 1989 OK 87, 780 P.2d 679, 682. Legal error will not be presumed from a silent record; it must be affirmatively demonstrated. *First Federal Savings and Loan Assoc. v. Nath,* 1992 OK 129, 839 P.2d 1336, 1342.

¶ 5 The record does not reflect that Claimant had additional evidence to present. This Court's review is limited to considering that which was presented to the trial court and included in the appellate record. Based on what is properly before us, no error is demonstrated.

¶ 6 SUSTAINED.

JOPLIN, P.J. and GARRETT, J., concur.