1999 OK CIV APP 126

Harold T. GARVIN, Petitioner,

v.

OKLAHOMA INDIGENT DEFENSE CENTER, The State Insurance Fund and The Workers' Compensation Court, Respondents.

No. 92,780.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 27, 1999.

J. Michael Hensley, Oklahoma City, Oklahoma, for Petitioner.

J. William Archibald, Oklahoma City, Oklahoma, for Respondent.

## OPINION

CARL B. JONES, Chief Judge:

¶ 1 The Petitioner, Harold T. Garvin, hereafter Claimant, filed a Form 3 alleging an on-the-job injury to his lower back, right leg and left leg incurred in a fall while traversing down a set of stairs. It was claimed the accident occurred when the Claimant arrived at work, realized he had left his briefcase in his automobile, then retraced his steps to retrieve the briefcase, and suffered a fall

down a stairway on the trip out to the car. The Respondent, Oklahoma Indigent Defense Center, hereafter OIDS or Employer, denied Claimant's injuries arose out of and in the course of employment. The issues were tried and the trial court entered an order finding the injury arose out of employment with OIDS and awarded temporary total disability, reasonable and necessary medical treatment, and reserved any determination of permanent disability. The employer appealed to the court en banc. Upon hearing by the panel, the claim was denied with a finding that Claimant did not sustain an accidental personal injury arising out of and in the course of Claimant's employment.

¶ 2 The Claimant urges, in this review proceeding, that the order of the three-judge panel was improperly executed and the only valid order is that of the trial court. Secondly, it is argued the panel's determination is based upon evidence not admitted during the trial and is thus infirm. Lastly, it is contended the order of the three-judge panel is not supported by any competent evidence.

■ ¶ 3 The first objection to the validity of this order is that the panel decision is signed by only one panel judge. It is argued that 85 O.S. § 3.6 requires that all judges sign the order. This signing, is of necessity, what the Claimant is referring to because the order indicates the other two judges voted "AYE" on the order, but their signatures do not appear. Section 3.6 does, indeed, provide that ... "All orders, decisions or awards shall be *approved* by a majority of the members of the Court sitting en banc." (e.a.) The Claimant states *Carl B. King Drilling Co. v. Farley*, 155 Okla. 99, 7 P.2d 862, (Okla., 1932) and the aforementioned statute, dictate that the order reviewed here is fatally flawed because two signatures do not appear on the document. *King, Id.,* states at p. 864:

Under the provisions just quoted one member of the commission has the authority to make orders and decisions upon matters in any hearing in which he is presiding, but, before said order or decision becomes a final and binding act of the State Industrial Commission, the same must be approved and confirmed by the commission and filed in its office, which we construe to mean that, before the order or decision of one member of the commission shall be approved, the same shall be confirmed by a majority of the members of the State Industrial Commission and their vote recorded thereon in accordance with section 7315.

The commission acts as a body and not as individuals. The concurrence of a majority of the members of the commission is necessary for a legal and binding order or award of the commission, and, where an order is made which order is not approved or concurred in by more than one member of the commission attempting to vacate or set aside a valid award previously made by the members of the State Industrial Commission the order of said member attempting to vacate the previous valid award is of no force and effect until approved by a majority of the members of the commission.

This case is not analogous to the case at bar. In *King*, there was no question but that one judge alone issued an order where the commission was required to do so. The case before the court now does not present that situation. Here, one judge signed the opinion, and two other's concurrence with that decision is indicated on the order. The only thing missing is two manual signatures. There is no requirement that all judges of a panel manually sign an opinion. The Supreme Court and Court of Civil Appeals issue written opinions indicating the courts' vote on each opinion without requiring manual signatures, notwithstanding the fact that the Oklahoma Constitution requires a majority of the Supreme Court to concur in any act.[1] This offer of error is only marginally better than frivolous.

---

1. Article VII of the Oklahoma Constitution provides, in part:
§ 5. Sessions—Quorum—Intermediate appellate courts—Form of decisions—Clerk of Supreme Court.

The sessions of the Supreme Court shall be held at the seat of government, and the sessions and duration thereof shall be fixed by rule of said Court. A majority of the members of the Supreme Court shall constitute a quorum and the

¶ 4 Secondly, it is asserted the decision of the panel is based upon evidence which was not admitted at trial. A perusal of the record forwarded to this court does not contain information that would support this allegation. There is no material in the record that establishes evidence was offered and considered at the appellate level which was not considered in the trial, nor is there confirmation of this fact in the order on appeal.[2] There is thus nothing in the record on appeal in support of Appellant's contentions. We will not presume error from a silent record, and in the absence of a record showing otherwise, we presume the trial court did not err. *Chamberlin v. Chamberlin*, 1986 OK 30, 720 P.2d 721 at 725; *Eckel v. Adair*, 1984 OK 86, 698 P.2d 921. In Workers' Compensation Court, just as in other civil court proceedings, the petitioner has the responsibility for presenting to the appellate court a record that sufficiently supports his allegations of error. *Lee v. Special Indemnity Fund*, 1998 OK CIV APP 184, 972 P.2d 37, citing: *Bailey v. Bailey*, 1994 OK 6, 867 P.2d 1267, 1272; *Davidson v. Gregory*, 1989 OK 87, 780 P.2d 679, 682. Legal error will not be presumed from a silent record; it must be affirmatively demonstrated. *First Federal Savings and Loan Assoc. v. Nath*, 1992 OK 129, 839 P.2d 1336, 1342.

¶ 5 In a third proposition, this court is told there is no competent evidence to support the three-judge panel's decision since the only evidence supporting it was not admitted. A quick review of the record, as pointed out by the employer in its brief, shows the circumstances under which these injuries were suffered are the subject of varied explanations given by the Claimant in histories to doctors. Claimant proposes that the records are not evidence upon which an order may be based, as they do not comply with Rule 20 of the Workers' Compensation Court but only Rule 20A, which, in effect, it is argued, do not amount to evidence. If this premise is well taken, it is asserted there is no competent evidence to support a denial of benefits by the three-judge panel.

¶ 6 Rule 20A closely tracks the business records exception to the hearsay rule found at 12 O.S.1991 § 2803(6), and rule 20A recognizes this.[3] The rule requires only that the material be regularly kept records of any hospital, clinic emergency room or other treatment facility and the office records of any physician, and further requires that these records not have been prepared by a physician for use at trial. That makes the record admissible without authentication, and leaves open the question of whether or not a statement made therein is hearsay. Here, the statements in question were made by a party to the action, in addition to having been made in the course of obtaining treatment.[4] These reports are supportive of a denial of an on-the-job injury, and do qualify for admission under that rule. Here, Claimant simply mentions the fact that the documents were admitted for historical purposes under Rule 20A. There is no authority or convincing argument in the brief that demonstrates why this evidence is incompetent to support a finding that there was not a work related injury, as they are statements made by the Claimant relative to the occurrence of these injuries to physicians.[5] Where a history is given by a claimant to a physician in the course of obtaining medical treatment, and that record is admitted under Rule 20A, that history is generally available to be consid-

---

concurrence of the majority of said Court shall be necessary to decide any question. . . .

2. As a part of this avowal, the argument is made that the preceding fact renders the order infirm as a violation of due process under the state and federal constitutions. This point is not addressed because of the resolution of the remainder of the proposition.

3. Rule 20A states in part:

Medical and hospital records, as hereinafter defined, may be offered in evidence . . . . The Court recognizes that such records are widely

accepted as exceptions to the hearsay rule and will entertain only the objection that such records are not properly identified.

4. 12 O.S.1991 § 2801 4.b states a statement made by a party offered against him is not hearsay. 12 O.S.1991 § 2803 4. Excepts from the hearsay rule statements made for the purpose of medical diagnosis or treatment and describing medical history.

5. One of these reports encountered no objections as to admission for historical purposes, and another received only a probative value objection.

ered as evidence by the trier of fact. The evidence admitted for historic purposes is being used to determine the history of the injury. Nothing could be more straightforward.

¶ 7 Finding there is a valid order of the three-judge panel and competent evidence to support the denial of the award necessitates sustaining of the three-judge panel's order.

¶ 8 SUSTAINED.

HANSEN, P.J., and ADAMS, J., concur.